The TAYLOR COUNTY APPRAISAL DISTRICT and the Appraisal Review Board, Appellants,

v.

INTERNATIONAL CHURCH OF the FOURSQUARE GOSPEL, Appellee.

No. 11–85–271–CV.

Court of Appeals of Texas, Eastland.

April 24, 1986.

Second Rehearing Denied May 22, 1986.

Shelburne J. Veselka, McCreary, Veselka, Beck, & Allen, P.C., Austin, for appellants.

C.J. Humphrey, Amarillo, for appellee.

Opinion

RALEIGH BROWN, Justice.

This is an appeal from an order of the Appraisal Review Board of the Taylor County Appraisal District. The International Church of the Foursquare Gospel filed its petition in the district court pursuant to TEX.TAX CODE ANN. art. 42.21 (Vernon Supp.1986).[1] Based on the jury verdict, the trial court granted the relief sought. The Taylor County Appraisal District and the Appraisal Review Board perfected appeal.

The transcript was filed in this Court on November 7, 1985. The appellants' motion for extension of time in which to file the statement of facts was granted, and the statement of facts was filed on January 22, 1986. Pursuant to TEX.R.CIV.P. 414, the appellants' brief was due to be filed in this Court on or before February 21, 1986. The brief has not been filed; no request for extension of time has been made; and no extension has been granted. The appeal was dismissed for failure to timely comply with TEX.R.CIV.P. 414. The appellants now contend, on motion for rehearing, that they are not required to file a brief because

---

1. Article 42.21 provides that:

(a) A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had; failure to timely file a petition bars any appeal under this section.

(b) A petition for review brought under Section 42.02 of this code must be brought against the appraisal review board and against the owner of the property involved in the appeal. A petition for review brought under Section 42.-031 of this code must be brought against the appraisal district and the appraisal review board and against the owner of the property involved in the appeal. Any other petition for review under this chapter must be brought against the appraisal district and the appraisal review board.

(c) An appraisal district is served by service on the chief appraiser. An appraisal review board is served by service on the chairman of the appraisal review board. Citation of a party is issued and served in the manner provided by law for civil suits generally.

fundamental error is apparent on the face of the record. We disagree.

The Church filed its original petition on August 30, 1984, within the 45-day requirement of Article 42.21(a). The original petition named only the Review Board as defendant. Responding to such pleadings, the Review Board filed a general denial. On June 10, 1985, the Church filed its first amended original petition, naming both the District and the Review Board as defendants.

■ The District and the Review Board now argue that the Church failed to comply with the provisions of TEX.TAX CODE ANN. art. 42.21(a), supra, and art. 42.21(b) (1983) (amended effective August 26, 1985). At the time the Church filed both its original petition and first amended original petition, Article 42.21(b) provided that:

> (b) A petition for review under this chapter must be brought against the appraisal district and the appraisal review board. The appraisal district is served by service on the chief appraiser. The appraisal review board is served by service on the chairman of the appraisal review board. Citation is issued and served in the manner provided by law for civil suits generally.

The appellants contend that the Church's failure to name both of them as defendants in the original petition is a fundamental defect and, therefore, the trial court did not acquire jurisdiction over this cause. Appellants cite *Poly-America, Inc. v. Dallas County Appraisal District,* 704 S.W.2d 936 (Tex.App.—Waco 1986, no writ), as authority for their contention that the requirements of Article 42.21(b) are jurisdictional. We disagree with such holding.[2]

The Supreme Court in *Pirtle v. Gregory,* 629 S.W.2d 919 (Tex.1982) stated that:

> Fundamental error survives today in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is de-

clared in the statutes or the Constitution of Texas. State Bar of Texas, Appellate Procedure in Texas sec. 11.5 (2d ed. 1979).

\* \* \* \* \* \*

We reaffirm the views we expressed in *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex.1974). We there stated:

> Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined.

See also *American General Fire and Casualty Company v. Weinberg,* 639 S.W.2d 688 (Tex.1982).

Article 42.21 requires that the petition be filed within 45 days or the appeal shall be barred. Article 42.21 does not bar the appeal for failure to name both the appraisal district and the appraisal review board in the original petition.

The Church timely filed its original petition. The first amended original petition, naming both the parties required under Article 42.21(b), was properly filed. We hold that Article 42.21(b) is not a jurisdictional requirement. The article merely states the necessary parties.

■ Since there is no fundamental error on the face of the record, the appellants should have filed a brief in order to present points for review. The District and the Review Board have failed to file a brief and have thus, failed to present any points for review.

The motion for rehearing is overruled, and the appeal is dismissed pursuant to TEX.R.CIV.P. 414.

On Second Motion for Rehearing

DICKENSON, Justice, dissenting.

While I concur in the majority opinion dated April 24, 1986, I dissent from this

---

2. See *Morris County Tax Appraisal District v. Nail,* 708 S.W.2d 473 (Tex.App.—Texarkana motion for rehearing overruled April 8, 1986), where the court held that Article 42.21 was "in the nature of statutes of limitations for the benefit of the appraisal districts."

Court's decision to overrule the alternative request contained in appellants' second motion for rehearing. I would hold that appellants have shown a "reasonable explanation" within the meaning of TEX.R.CIV.P. 414(k) which would justify an extension of time to file their brief.