APPRAISAL REVIEW BOARD and the
Taylor County Appraisal
District, Petitioners,

v.

INTERNATIONAL CHURCH OF the
FOURSQUARE GOSPEL,
Respondent.

No. C–5513.

Supreme Court of Texas.

Oct. 22, 1986.

Shelburne J. Veselka, McCreary, Veselka, Beck & Allen, Austin, for petitioners.

C.J. Humphrey, Amarillo, for respondent.

PER CURIAM.

This is an appeal from an order of the Appraisal Review Board of the Taylor County Appraisal District. The trial court erroneously assumed jurisdiction and granted the relief sought by the International Church of the Foursquare Gospel. The court of appeals, with one member dissenting, dismissed Taylor County Appraisal District's appeal pursuant to Tex.R. Civ.P. 414 (now Tex.R.App.P. 74) for failure to file a brief. 711 S.W.2d 306. We hold that the court of appeals erred in dismissing the appeal rather than the cause. The record shows that International Church of the Foursquare Gospel failed to comply with § 42.21 of the Texas Tax Code (Vernon's Supp.1986) by its failure to include the Taylor County Appraisal District as a party within 45 days after receiving notice that a final order had been entered. Compliance with § 42.21 is jurisdictional and the jurisdictional error of the trial court is apparent on the face of the record. The court of appeals' decision conflicts with § 42.21 of the Texas Tax Code. *See Poly-America, Inc. v. Dallas County Appraisal District*, 704 S.W.2d 936 (Tex. App.—Waco 1986, no writ). *See also Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex.1982) (stating the rule that fundamental error survives in those cases in which absence of jurisdiction is apparent on the face of the record) and *Bullock v. Amoco Production Co.*, 608 S.W.2d 899, 901 (Tex.1980) (holding that when a statute creates a right not existing at common law and prescribes a remedy to enforce the right, compliance with the statutory requirements is jurisdictional). Therefore, we grant the application for writ of error and pursuant to Tex.

R.App.P. 133(b), without hearing oral argument, we reverse the judgments of the court of appeals and the trial court and dismiss the cause.