**Valiani TAUFIQ, by and through its Authorized Agent PATRICK O'CONNOR & ASSOCIATES INC., and Esmerelda Hospitality Ltd., Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 14–98–00936–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 7, 1999.

Hugh L. McKenney, Houston, for appellant.

Mario L. Dell'Osso, Houston, for appellee.

Panel consists of Justices SEARS, CANNON and LEE.*

## OPINION

ROSS A. SEARS, Justice (Assigned).

This is an *ad valorem* tax case. Plaintiffs filed suit to challenge an assessment by the Harris County Appraisal District. In turn, the district challenged plaintiffs' standing to sue, arguing they had not complied with the statute. *See* TEX. TAX CODE ANN. § 42.01 (Vernon Supp.1999). In two points of error the plaintiffs argue the trial court erred in granting the district's plea to the jurisdiction. Because we agree that strict compliance with the Tax Code is necessary to invoke the trial court's jurisdiction, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs filed suit to contest the Harris County Appraisal District's 1997 valuation on its business personal property located at 20035 Northwest Freeway. The original petition was filed in the name of "Valiani Taufiq by and through its authorized agent Patrick O'Connor and Associates, Inc." The appraisal district filed a plea to the jurisdiction, arguing that since the plaintiffs were not the owners of the property at issue, they did not have standing to seek judicial review. *See* TEX. TAX CODE ANN. § 42.01 (Vernon 1992).[1] In response, plaintiffs filed an amended petition which added Esmerelda Hospitality Ltd. as a plaintiff in the case. Although Esmerelda is the owner of the property in question, and Taufiq is a limited partner in Esmerelda, the amended petition was filed outside the 45-day window provided for in TEX. TAX CODE ANN. § 42.21 (Vernon 1992). The trial court granted the appraisal district's plea to the jurisdiction, prompting this appeal.

## DISCUSSION

The Tax Code supplants a property owner's common-law rights to challenge an assessment on his property. *See* TEX. TAX CODE ANN. § 42.09 (Vernon 1992); *Dep't of Housing and Urban Development v. Nueces Co. Appraisal Dist.*, 875 S.W.2d 377, 379 (Tex.App.—Corpus Christi 1994, no writ); *Valero Transmission Co. v. Hays Consol. Ind. School Dist.*, 704 S.W.2d 857, 861–862 (Tex.App.—Austin 1985, writ ref'd n.r.e.). When a statute creates a right not known at common law and prescribes a remedy to enforce that right, compliance with the statutory requirement is jurisdictional. *Bullock v. Amoco Production Co.*, 608 S.W.2d 899, 901 (Tex.1980). This requirement is applicable to the tax code. *Appraisal Review Board v. Int'l Church of the Foursquare Gospel*, 719 S.W.2d 160 (Tex.1986) (per curiam). The question therefore becomes whether the statute requires the *property owner* to be named in the petition within 45 days of notice of the decision being appealed, as required by section 42.21. We believe that it does.

---

* Senior Justices Ross A. Sears, Bill Cannon, and Norman R. Lee sitting by assignment.

1. The plaintiffs originally also sought review of the valuation of their property based on a ground not presented to the review panel. That issue is not a part of this appeal.

Numerous courts of appeals have found that failing to join a necessary party within the 45–day window is fatal to judicial review under section 42.21. *See Church of the Foursquare Gospel,* 719 S.W.2d 160 (Tex.1986); *Gregg County Appraisal Dist. v. Laidlaw Waste Systems Inc.,* 907 S.W.2d 12, 16–17 (Tex.App.—Tyler 1995, writ denied); *Poly–America Inc. v. Dallas County Appraisal Dist.,* 704 S.W.2d 936 (Tex.App.—Waco 1986, no writ). The property owner is a necessary party in this case. *See* Tex. Tax Code Ann. § 42.01 (Vernon Supp.1999).

Plaintiffs argue that by naming a limited partner of the property owner, they have substantially complied with the statute. We disagree. As a limited partner, Taufiq is not an "owner" of the property. Tex.Rev.Civ.Stat.Ann. art. 6132a—1, § 7.01 (Vernon Supp.1999). Moreover, a limited partner may only maintain an action on behalf of the partnership when the general partners with that authority have declined to do so, or it must be deemed unlikely that they would do so. Tex.Rev. Civ.Stat.Ann. art. 6132a—1, § 10.01 (Vernon Supp.1999). In such an action "the complaint shall set forth with particularity the effort, if any, of the plaintiff to secure the action by a general partner or the reasons for not making the effort." *Id.* at § 10.03. This Taufiq did not do.

We also think it clear that Patrick O'Connor & Associates, the other plaintiff named within the 45–day window, is not a proper party to the case. O'Connor is Esmerelda's designated agent for *ad valorem* tax matters. The scope of O'Connor's representation is defined by statute and does not include representing Esmerelda in a lawsuit in the district court. *See* Tex.Rev.Civ.Stat.Ann. art. 8886, § 1(a)(7) (Vernon Supp.1999).

1. At various places throughout the record, Appellant Luisa Rodriguez Yepez is referred to as "Rodriguez" and in other places as "Yepez." For purposes of continuity, we will

## CONCLUSION

Because the property owner, a necessary party to the appeal, was not joined until after the 45–day window prescribed by statute, we find Esmerelda failed to comply with the dictates of the Tax Code for invoking the trial court's jurisdiction. We therefore find the trial court properly granted the appraisal district's plea to the jurisdiction. The judgment of the trial court is therefore AFFIRMED.