NUMBER 13-01-292-CV

 

                              COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS
 CHRISTI B
EDINBURG

 

CITY OF PHARR,
P.S.J.A INDEPENDENT

SCHOOL DISTRICT
AND HIDALGO
 COUNTY,                          Appellants,

 

                                                   v.

 

BOARDER TO BOARDER 

TRUCKING,
SVC., INC., ET AL                             
                    Appellee.

 

                         On appeal from the
206th District Court

                                  of Hidalgo
 County, Texas.

 

 

                                    O P I N I
O N

 

       Before Chief Justice Valdez
and Justices Hinojosa and Rodriguez

                              Opinion
by Chief Justice Valdez








Appellants, the
City of Pharr,
Pharr-San Juan-Alamo Independent School District and Hidalgo County, Texas,
appeal the District Court=s judgment which lowered
the amount of taxes the appellee, Boarder to Boarder
Trucking Inc. (Boarder), owed. 
Appellants argue through six points of error that: (1-4) the District
Court lacked subject matter jurisdiction to (a) reduce the appraised values of
Boarder=s property, (b) make
findings of facts on this matter, (c) make conclusions of law on this matter,
and (d) permit a taxpayer to defend a delinquent tax suit based on partial
non-ownership of the property being taxed; (5) Boarder trucking failed to
exhaust its administrative remedies; and (6) there is insufficient evidence to
support the District Court=s findings of fact.  We affirm.

This case arises out of
taxes assessed on Boarder=s personal property
between 1989 and 1995.  The taxes were
based on an appraised value set by the Hidalgo County Appraisal District.  The personal property value totaled $768,653,
of which $754,800 is attributed to twelve vehicles, all of which Boarder denies
ownership.  In 1989 Boarder protested
that value arguing that the trucks in question were leased or owned by
owner-operators.[1]  Their protest was denied.  Appellants subsequently filed suit to collect
delinquent ad valorem taxes.  Following a bench trial, the District Court
ruled that appellee did not own personal property
having a value as great as had been assessed to it for taxation.  The judgment reduced the taxes owed to
reflect the appellee=s non-ownership of the twelve vehicles.

Subject Matter
Jurisdiction








Appellants= first four issues
challenge the District Court=s subject matter
jurisdiction.  They argue that the
district court=s lack of subject matter
jurisdiction prevents it from: (1) reducing the appraised values of Boarder=s property, (2) making
findings of facts on this matter, (3) making conclusions of law, and (4)
permitting a taxpayer to defend a delinquent tax suit based on partial
non-ownership of the property. 

The lack of subject
matter jurisdiction can be raised at any time in an appeal regardless of
whether the issue was raised before the district court.  Tullos v.
Eaton, 695  S.W.2d 568, 568 (Tex. 1985) (per curiam).  To obtain a
judicial review of an Appraisal Review Board=s decision, a property owner must comply with
Section 42.21(a) of the Texas Tax Code.  Gregg
County Appraisal Dist. v. Laidlaw Waste Sys., Inc.,
907 S.W.2d 12, 16 (Tex. App.BTyler 1995, writ
denied).  Where a cause of action and
remedy for its enforcement are derived not from the common law but from a
statute, Athe statutory provisions
are mandatory and exclusive, and must be complied with in all respects or the
action is not maintainable.@  Texas Catastrophe Prop. Ins.
Ass=n v. Council of
Co-Owners of Saida II Towers Condo., 706 S.W.2d 644, 646 (Tex. 1986).  Where statutory rights and remedies are
concerned, the court may act only in the manner provided for by the
statute.  Bullock v. Amoco Prod. Co., 608 S.W.2d 899, 901 (Tex. 1980).  As such, the requirements of this statute are
jurisdictional.  Appraisal Review Bd.
v. Int=l Church of the
Foursquare Gospel, 719 S.W.2d 160, 160 (Tex. 1986). 








Section 42.09 of the tax
code provides that a person against whom a suit to collect a delinquent
property tax is filed may plead as an affirmative defense if  Athe suit is to enforce
personal liability for the tax, that the defendant did not own the property on
which the tax was imposed.@  Tex.
Tax. Code Ann. ' 42.09 (Vernon Supp. 2002).  Pursuant to section 41.41, a property owner
is entitled to protest before the appraisal review board a determination that
he is the owner of property. Tex. Tax.
Code Ann. ' 41.41 (Vernon Supp. 2002).  A taxpayer who fails to comply with the
administrative procedure is precluded from raising non-ownership in defense to
a suit to enforce collection of delinquent taxes.  Tex.
Tax. Code Ann. ' 42.09 (Vernon Supp. 2002).

Section 42.09 was
amended, effective May 6, 1987, to permit
non-ownership to be raised as an affirmative defense if the suit is to enforce
personal liability for the tax.  However,
section two of the amendatory act specifies A[a] suit to collect delinquent tax filed before the
effective date of this Act is governed by the law in effect when the suit was
filed, and the former law is continued in effect for that purpose.@  Act of May 6,
 1987, 70th Leg., R. S., ch 53, ' 1, 1987 Tex. Sess.
Law Serv. 265-66 (Vernon).  

In the instant case, the
appellants filed their action in 1992. 
As such we hold that  the
appellant was not precluded from utilizing the affirmative defense of
non-ownership because it was filed subsequent to the 1987 amendment.  Id.  Furthermore, because the appellee
is able to use non-ownership as a defense, we hold that trial court is
authorized to dispose of the issues involved in that defense.  We further recognize that 42.09 makes its
clear that the legislature desires that the taxpayer Ahave available the
defense that he did not own the property.@  Gen. Elec. Capital Corp. v. City of Corpus
Christi et al., 850 S.W.2d 596, 599 (Tex. App.BCorpus Christi 1993,
writ denied). 

Appellant=s first four points of
error, concerning subject matter jurisdiction, 
are overruled. 








Exhaustion of
Administrative Remedies

Appellants argue in
their fifth issue that the trial court erred in rendering judgment assessing
delinquent taxes, penalties, and interest because Border failed to exhaust its
administrative remedies.  The Texas Tax
Code provides that a property owner is entitled to protest the Adetermination of the
appraised value of the owner=s property.@  Tex.
Tax Code Ann. ' 41.41 (Vernon Supp. 2002).  A property owner who is dissatisfied with the
board=s decision may petition
for review in district court under chapter 42. 
Tex. Tax. Code Ann. ' 42.01 (Vernon Supp. 2002).  Failure to exhaust administrative remedies is
fatal to a property owner=s defense in the
district court to the taxing authority=s prima facie case for
judgment in the amount of the delinquent tax.  Aldine Indep. Sch. Dist. v. Baty, 999
S.W.2d 113, 117 (Tex. App.BHouston [14th Dist.]
1999, no pet.).  Section 42.09 of the tax
code provides that the remedies provided in the code for protest are
exclusive.  Tex. Tax Code Ann. ' 42.09 (Vernon Supp. 2002).  Failure to exhaust those avenues results in a
deprivation of the right to raise any defense against a suit to enforce
collection of delinquent taxes.  Robstown
Indep. Sch. Dist. v. Anderson, 706 S.W.2d 952, 953 (Tex. 1986).  








Here, the record
indicates that appellee sent an August 29, 1989 letter complaining about the inclusion of the
trucks in the appraisal.  We hold that
this letter serves as appellee=s protest of the Adetermination of the
appraised value of the owner=s property.@  Tex.
Tax Code Ann. ' 41.41 (Vernon Supp. 2002).  We further acknowledge that this same letter
was recognized as a protest by the appraisal review board in that it
subsequently notified appellee that its protest was
denied.  As to the appellants= argument that appellee should have sent a letter each and every year that
the taxes were assessed, we dismiss that contention in light of the fact that
it was the same twelve vehicles that were being taxed and they were the same
vehicles that were protested in appellee=s August 29, 1989 letter. 

We, therefore, overrule
appellants= fifth issue.

Sufficiency of the
Evidence

Appellants argue in
their sixth issue that there is insufficient evidence to support the District
Court=s findings of facts 1.2
through 1.6.  Those findings of fact
concern the trial court determination that the trucks in question were not part
of Boarder=s personal property.

A trial court=s findings of fact are
reviewed for factual sufficiency of the evidence under the same legal standards
as applied to review jury verdicts for factual sufficiency of the
evidence.  Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  In reviewing a factual sufficiency point, the
appellate court must weigh all of the evidence in the record.  Burnett v. Motyka,
610 S.W.2d 735, 736 (Tex. 1980).  Findings may be overturned only if they are
so against the great weight and preponderance of the evidence as to be clearly
wrong and unjust.  Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986).   

In the present case,
appellants challenge the findings of fact which state in pertinent part that Athe remainder of the tax
amount claimed by the plaintiffs is predicated on Boarder=s alleged ownership of
twelve (12) vehicles with a value of $85,000 each.  Boarder did not own those vehicles on January
1 of each of the tax years 1989 through 1995, or at any relevant time.@  

Appellants argue that a Afinding of a value of $13,853
is so contrary to the great weight and preponderance of the evidence as to be
manifestly unjust.@ 








At trial, evidence was
produced that with very few exceptions, Boarder did not own the tractors and
trailers that it uses.  Instead, the
evidence showed that such rigs were owned by individuals and were leased to
Boarder.  As for the exceptions, there is
no evidence that Boarder owned any vehicle meeting the description of a value
of $85,000.  The evidence demonstrated
that Boarder owned a limited number of vehicles for a limited period of time
with the highest value on those vehicles being $8,500.  

Therefore, we hold the
trial court=s findings are not so
against the great weight and preponderance of the evidence as to be clearly
wrong and unjust.  Cain, 709
S.W.2d at 176. 

Appellants= sixth and final error
is overruled.

Accordingly, we affirm
the judgment of the district court.

 

_____________________

ROGELIO VALDEZ

Chief Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this
16th day of  May,  2002.

 

 











[1]  Boarder=s
tax returns do reflect isolated ownership of a few vehicle and trailers, none
of which have a value of $85,000.00 per vehicle, the amount assessed by the
appraisal district for each individual truck. 
The most expensive vehicle reflected in Boarder=s
tax returns is an $8,500.00 Chevy pickup truck.