COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-119-CV
 
  
NORTH 
PARK TERRACE APTS. V, LTD.                                    APPELLANT
  
V.
  
TARRANT 
APPRAISAL REVIEW BOARD                                    APPELLEES
AND 
TARRANT APPRAISAL DISTRICT
 
  
------------
 
FROM 
THE 352ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an ad valorem tax case that involves Appellant’s failure to name the 
correct defendants.  Appellant owns real property in Grapevine, Texas known 
as 1245 Main Street, and conducts its business as a limited partnership.  
Appellant’s property is a two-story brick office building on which 
construction began in the year 2000 and was substantially completed in 
2001.  The building is situated on 1.09 acres of land.
        When 
notified that the Tarrant Appraisal District had valued its property at 
$1,942,414 for tax year 2002, Appellant challenged the value as being too 
high.  Appellant filed its original petition on August 26, 2002 naming as 
defendants Tarrant County and Tarrant Appraisal Review Board.  The original 
petition states that “Tarrant County appraised Plaintiff’s real property 
located at 1245 S. [M]ain St. Capital Center Addition, Block 1, Lot1B (“Main 
Property”) for tax year 2002 at $1,942,414,“ and that the valuation is not 
supported by the value of either the property’s income or the value of the 
building and land.  The original petition requested the district court to 
set the property’s proper value.  On May 5, 2003, Appellant filed its 
first amended petition adding Tarrant Appraisal District as a defendant.[2]
        After 
a bench trial, the court rendered a take nothing judgment in favor of Tarrant 
Appraisal District and Tarrant Appraisal Review Board.  Additionally, the 
court determined that the market value for Appellant’s property for tax year 
2002 was $2,250,000.  The trial court was not requested to make findings of 
fact and conclusions of law, and none were filed.
        On 
appeal, Appellant states that the original petition and citations were issued 
and also served on both Tarrant County and Tarrant Appraisal Review 
Board. Appellees, however, contend that the county has never been served because 
the original petition and citations were served only at 2500 Handley-Ederville 
Road, Fort Worth.  That street address is correct for serving the Tarrant 
Appraisal Review Board but is incorrect for serving Tarrant County.  The 
clerk’s record does not contain either citation.  Tarrant County never 
answered the suit, but Tarrant Appraisal Review Board and Tarrant Appraisal 
District filed answers.
        Tarrant 
County has no responsibility to evaluate property for tax purposes, but Tarrant 
Appraisal District does.  See Tex. 
Prop. Tax Code Ann. § 6.01 (Vernon 2001).  The Code requires that 
for a court to acquire jurisdiction over a case, a petition for review must be 
brought against the appraisal district within forty-five days of the order 
complained of.  Appraisal Review Bd. v. Int’l Church, 719 S.W.2d 
160, 160 (Tex. 1986).  Appellees’ own counsel confesses that although he 
knew from the beginning that the suit contained a misnomer of a party, he 
decided not to raise the issue because it was not jurisdictional.
        Appellant’s 
first issue asserts that the trial court had no jurisdiction over this case 
because Appellant failed to properly name Tarrant Appraisal District as a 
defendant in this suit within forty-five days after receiving notice that the 
Tarrant Appraisal Review Board had issued a final order evaluating the property 
at $1,942,414. Although Appellant eventually amended its petition to sue Tarrant 
Appraisal District, it did so after the forty-five-day deadline. See Tex. Prop. Tax Code Ann. § 42.21. 
Appellees respond that when Appellant sued “Tarrant County” and the petition 
recited that Tarrant County appraised Appellant’s property, this was merely a 
misnomer rather than a misidentification. The address listed on the petition for 
service of citation was that of Tarrant Appraisal District, not Tarrant County. 
Based upon the record, we agree with Appellees that the petition was actually 
served upon Tarrant Appraisal District which then filed an answer.  
Although Appellant contends limitations is not tolled because there was a 
misidentification, we conclude there was a misnomer.  See Enserch 
Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex. 1990).  A misnomer can be 
corrected by amendment even though the forty-five-day statute of limitations has 
expired.  See id.   Limitations was tolled and 
Appellant’s subsequent amendment of the petition relates back to the date of 
the original petition.  See id.  Further, the failure to comply 
with a limitations statute is an affirmative defense that must have been pled by 
Appellant, else it is waived.  See Tex. R. Civ. P. 94.   We 
overrule Appellant’s first issue.
        Appellant’s 
second issue contends that because the Appellees did not plead for any 
affirmative relief, the trial court erred by finding the property has a higher 
value than that originally found by Tarrant Appraisal District.  However, 
both statutory and case law support the conclusion that Appellees are not 
restricted to presenting evidence of the property’s original value.  
Appellees’ experts were entitled to present evidence of standard approaches to 
value, as they did at trial.  See Tex. Prop. Tax Code Ann. § 42.23 
(providing that district court review is de novo).   A trial court 
then may enter judgment for a market value either lower or higher than that on 
the appraisal records.  Cherokee Water Co. v. Gregg County Appraisal 
Dist., 801 S.W.2d 872, 877 (Tex. 1990).  We overrule Appellant’s 
second issue.
        Appellant’s 
third issue states that the trial court erred in its valuation of the 
property.  Appellees assert that it is unclear whether Appellant is 
challenging the legal sufficiency or the factual sufficiency of the evidence 
that supports the trial court’s judgment.  We agree.  Appellant 
complains that the trial court “erred” in its valuation of the property and 
requests this court reverse and remand this case for a new trial.  
Accordingly, we construe Appellant’s issue as challenging the factual 
sufficiency of the evidence that supports the trial court’s valuation of the 
property.
        The 
record contains no findings of fact or conclusions of law.  When, as here, 
neither party requests findings or conclusions, we must imply that the trial 
court made all fact findings necessary to support its judgment.  Sixth 
RMA Partners v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003).   As 
evidence, Appellant furnished the trial court only the testimony of the limited 
partnership’s general partner, Charles McCrory.  He testified that his 
opinion of value was based on his own cost approach to value that used building 
cost indexes, although he told the court he had no training in using those 
indexes.  Moreover, he testified that the prior owner of the property 
insured the building alone for $2,300,000.  After considering all of the 
factual evidence for sufficiency, we should set aside the judgment only when it 
is so contrary to the overwhelming weight of the evidence as to be clearly wrong 
and unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  
Here, we conclude the evidence clearly supports the trial court’s judgment, 
and we overrule Appellant’s third issue.
        Having 
carefully considered and overruled all of Appellant’s issues, we affirm the 
trial court’s judgment.
   
   
                                                                  PER 
CURIAM
  
  
PANEL 
A: HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)
 
DELIVERED: 
July 21, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Although Tarrant County was still listed in the style of the case, Appellant’s 
amended petition no longer alleged any participation in this transaction by 
Tarrant County and sought no relief with regard to Tarrant County.