North Park Terrace Apts V, Ltd. V. Tarrant County and Tarrant Appraisal District

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-119-CV

NORTH PARK TERRACE APTS. V, LTD. APPELLANT

V.

TARRANT APPRAISAL REVIEW BOARD APPELLEES

AND TARRANT APPRAISAL DISTRICT

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an ad valorem tax case that involves Appellant’s failure to name the correct defendants.  Appellant owns real property in Grapevine, Texas known as 1245 Main Street, and conducts its business as a limited partnership.  Appellant’s property is a two-story brick office building on which construction began in the year 2000 and was substantially completed in 2001.  The building is situated on 1.09 acres of land.

When notified that the Tarrant Appraisal District had valued its property at $1,942,414 for tax year 2002, Appellant challenged the value as being too high.  Appellant filed its original petition on August 26, 2002 naming as defendants Tarrant County and Tarrant Appraisal Review Board.  The original petition states that “Tarrant County appraised Plaintiff’s real property located at 1245 S. [M]ain St. Capital Center Addition, Block 1, Lot1B (“Main Property”) for tax year 2002 at $1,942,414,“ and that the valuation is not supported by the value of either the property’s income or the value of the building and land.  The original petition requested the district court to set the property’s proper value.  On May 5, 2003, Appellant filed its first amended petition adding Tarrant Appraisal District as a defendant.
(footnote: 2) 

After a bench trial, the court rendered a take nothing judgment in favor of Tarrant Appraisal District and Tarrant Appraisal Review Board.  Additionally, the court determined that the market value for Appellant’s property for tax year 2002 was $2,250,000.  The trial court was not requested to make findings of fact and conclusions of law, and none were filed.

On appeal, Appellant states that the original petition and citations were issued and also 
served
 on both Tarrant County and Tarrant Appraisal Review Board.  Appellees, however, contend that the county has never been served because the original petition and citations were served only at 2500 Handley-Ederville Road, Fort Worth.  That street address is correct for serving the Tarrant Appraisal Review Board but is incorrect for serving Tarrant County.  The clerk’s record does not contain either citation.  Tarrant County never answered the suit, but Tarrant Appraisal Review Board and Tarrant Appraisal District filed answers.

Tarrant County has no responsibility to evaluate property for tax purposes, but Tarrant Appraisal District does.  
See
 
Tex. Prop. Tax Code Ann. § 6.01 (
Vernon 2001
)
.  The Code requires that for a court to acquire jurisdiction over  a case, a petition for review must be brought against the appraisal district within forty-five days of the order complained of.  
Appraisal Review Bd. v. Int’l Church
, 719 S.W.2d 160, 160 (Tex. 1986).  Appellees’ own counsel confesses  that although
 he knew from the beginning that the suit contained a misnomer of a party, he decided not to raise the issue because it was not jurisdictional.

Appellant’s first issue asserts that the trial court had no jurisdiction over this case because Appellant failed to properly name Tarrant Appraisal District as a defendant in this suit within forty-five days after receiving notice that the Tarrant Appraisal Review Board had issued a final order evaluating the property at $1,942,414.  Although Appellant eventually amended its petition to sue Tarrant Appraisal District, it did so after the forty-five-day deadline.  
See 
Tex. Prop. Tax Code Ann.
 § 42.21.  Appellees respond that when Appellant sued “Tarrant County” and the petition recited that Tarrant County appraised Appellant’s property, this was merely a misnomer rather than a misidentification.  The address listed on the petition for service of citation was that of Tarrant Appraisal District, not Tarrant County.  Based upon the record, we agree with Appellees that the petition was actually served upon Tarrant Appraisal District which then filed an answer.  Although Appellant contends limitations is not tolled because there was a misidentification, we conclude there was a misnomer.  
See
 
Enserch Corp. v. Parker
, 794 S.W.2d 2, 4-5 (Tex. 1990).  A misnomer can be corrected by amendment even though the forty-five-day statute of limitations has expired.  
See id.
  Limitations was tolled and Appellant’s subsequent amendment of the petition relates back to the date of the original petition.  
See id.
  Further, the failure to comply with a limitations statute is an affirmative defense that must have been pled by Appellant, else it is waived.  
See
 
Tex. R. Civ. P.
 94.
  We overrule Appellant’s first issue.

Appellant’s second issue contends that because the Appellees did not plead for any affirmative relief, the trial court erred by finding the property has a higher value than that originally found by Tarrant Appraisal District.  However, both statutory and case law support the conclusion that Appellees are not  restricted to presenting evidence of the property’s original value.  Appellees’ experts were entitled to present evidence of standard approaches to value, as they did at trial.  
See
 
Tex. Prop. Tax Code Ann.
 § 42.23 (providing that district court review is de novo).  A trial court then may enter judgment for a market value either lower or higher than that on the appraisal records.  
Cherokee Water Co. v. Gregg County Appraisal Dist.
, 801 S.W.2d 872, 877 (Tex. 1990).  We overrule Appellant’s second issue. 

Appellant’s third issue states that the trial court erred in its valuation of the property.  Appellees assert that it is unclear whether Appellant is  challenging the legal sufficiency or the factual sufficiency of the evidence that supports the trial court’s judgment.  We agree.  Appellant complains that the trial court “erred” in its valuation of the property and requests this court reverse and remand this case for a new trial.  Accordingly, we construe Appellant’s issue as challenging the factual sufficiency of the evidence that supports the trial court’s valuation of the property.

The record contains no findings of fact or conclusions of law.  When, as here, neither party requests findings or conclusions, we must imply that the trial court made all fact findings necessary to support its judgment.  
Sixth RMA Partners v. Sibley
, 111 S.W.3d 46, 52 (Tex. 2003).  As evidence, Appellant furnished the trial court only the testimony of the limited partnership’s general partner, Charles McCrory.  He testified that his opinion of value was based on his own cost approach to value that used building cost indexes, although he told the court he had no training in using those indexes.  Moreover, he testified that the prior owner of the property insured the building alone for $2,300,000.  After considering all of the factual evidence for sufficiency, we should set aside the judgment only when it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  
Cain v. Bain
, 709 S.W.2d 175, 176 (Tex. 1986).  Here, we conclude the evidence clearly supports the trial court’s judgment, and we overrule Appellant’s third issue.

Having carefully considered and overruled all of Appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)

DELIVERED:  July 21, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Although Tarrant County was still listed in the style of the case, Appellant’s amended petition no longer alleged any participation in this transaction by Tarrant County and sought no relief with regard to Tarrant County.