Opinion issued February 28, 2008




 





In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00321-CV

____________


KOLL BREN FUND VI, LP AND HARTMAN 3100 WESLAYAN
ACQUISITIONS, Appellants


V.


HARRIS COUNTY APPRAISAL DISTRICT, Appellee






On Appeal from the 113th District Court 

Harris County, Texas

Trial Court Cause No. 2005-66059





MEMORANDUM OPINION


 Appellants, Koll Bren Fund VI LP (Koll Bren) and Hartman 3100 Weslayan
Acquisition, LP (Hartman), appeal dismissal of their suit for judicial review of
resolution of an ad valorem tax-valuation protest for the 2005 tax year. The trial
court dismissed the suit, without prejudice, in response to a plea to the jurisdiction
by appellee, Harris County Appraisal District (HCAD). (1) HCAD argued that the
trial lacked subject-matter jurisdiction because the original plaintiff, Koll Bren,
lacked standing to seek judicial review, having sold the property before January 1,
2005. (2) Koll Bren and Hartman bring a single, multi-pronged issue contending that
the trial court erred by sustaining HCAD's jurisdictional challenge (1) because
newly enacted section 42.21(e) of the Tax Code allows a petition for judicial
review to be amended, (3) (2) because section 42.21(a) is not jurisdictional, (4) and (3)
because Koll Bren filed its suit "as the property owners and the property owners,"
which necessarily encompassed the true owner, Hartman. We conclude that
neither Koll Bren nor Hartman had standing in the trial court and affirm. (5)

Facts and Procedural History


 The property at issue is located at 3100 Weslayan Street, Houston, Texas
77027. It is undisputed that Koll Bren sold the property to Hartman by special
warranty deed dated August 20, 2004. On January 1, 2005, therefore, Koll Bren
was no longer the owner of the property; instead, Hartman was the owner, by
virtue of the August 20, 2004 transfer. Koll Bren nonetheless filed a notice of
protest as owner of the property for the year 2005. In the protest, Koll Bren
claimed that it owned the property in tax year 2005, and that the ad valorem tax
valuation of the property for that tax year was excessive. (6) Though authorized to
pursue a protest as the new owner of the property, pursuant to section 41.412 of the
Property Tax Code, Hartman did not pursue that remedy. See Tex. Tax Code
Ann. § 41.412 (Vernon 2001).

 After conducting a hearing on the protest, the Appraisal Review Board of
HCAD (Board) issued an order, dated August 26, 2005, stating the Board's
determination that initial ad valorem valuation of the property at $5,961,630 should
be reduced to $5,420,000 for the tax year 2005. It is undisputed that the Board
issued its order to Koll Bren, and that Hartman did not appear in the protest hearing
before the Board.

 On October 13, 2005, Koll Bren timely challenged the Board's
determination by filing an original petition for judicial review with the trial court.
See id. § 42.21(a) (Vernon 2001). Koll Bren continued to assert that it owned the
property. Over 15 months later, on December 27, 2006, Koll Bren amended its
pleadings to include Hartman as a plaintiff in the suit for judicial review. Shortly
thereafter, HCAD filed a plea to the jurisdiction contending that the trial court
lacked jurisdiction because Koll Bren did not own the property on January 1, 2005
and therefore had no standing to seek judicial review. HCAD provided the trial
court with a copy of the deed by which Koll Bren conveyed the property to
Hartman on August 20, 2004. The trial court sustained HCAD's plea to the
jurisdiction and dismissed the cause without prejudice. (7)

Controlling Statutes & Standard of Review


A. Suit for Judicial Review

 Chapters 31 through 43 of the Tax Code contain the Property Tax Code. See
Tex. Tax Code Ann. §§ 31.01-43.04 (Vernon 2001 & Supp. 2007). Subchapter C
of Chapter 41 of the Code governs a "taxpayer protest" of an ad valorem tax
assessment by an appraisal-review board. See id. §§ 41.41-.47 (Vernon 2001 &
Supp. 2007). Chapter 42 of the Code then permits judicial review of an appraisal-review board's resolution of the protest. See id. §§ 42.01-.29 (Vernon 2001 &
Supp. 2007). 

 When the owner of a property has exercised its right to protest under
Chapter 41, section 42.01 of the Property Tax Code establishes a "right of appeal"
that entitles the owner to challenge that resolution. Appeal is by petition for
review to the district court for the county, and review is by trial de novo. Id. §§
42.21(a) (petition for review), 42.23(a) (scope of review) (Vernon 2001 & Supp.
2007). 

B. Plea to Trial Court's Subject-Matter Jurisdiction--Standing

 Standing is a component of subject-matter jurisdiction that cannot be
waived; therefore, a party's lack of standing deprives a court of authority to decide
a pending case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
445-46 (Tex. 1993); Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Subject-matter
jurisdiction is essential to a court's power to decide a case and may be challenged
by a plea to the jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
553-54 (Tex. 2001). A trial court determines a plea to the jurisdiction by
construing the pleadings in the plaintiff's favor, but the court may also examine
and consider any evidence that pertains to the jurisdictional inquiry. Id. at 555; see
also Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 223 (Tex. 2004)
(describing trial court procedure for evidentiary hearing regarding jurisdiction). 
We review a trial court's ruling on a plea to the jurisdiction de novo; therefore, we
construe the pleadings in the plaintiff's favor and examine the pleader's intent. See
Miranda, 133 S.W.3d at 225.


Standing to Seek Judicial Review


 Koll Bren's and Hartman's standing to bring the suit for judicial review
underscores their issue on appeal and its sub-issues. We address their standing as a
preliminary consideration because it pertains to subject-matter jurisdiction. E.g.,
Tex. Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 517-18 (Tex. 1995);
Tourneau Houston, Inc., 24 S.W.3d at 909.

 Standing demands a real controversy between the parties that will be
determined by the judicial declaration sought. See Nootsie, Ltd. v. Williamson
County Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996); Garcia, 893 S.W.2d at
518. Without a breach of a legal right that belongs to the plaintiff, no cause of
action can accrue to the plaintiff's benefit. See Nobles v. Marcus, 533 S.W.2d 923,
927 (Tex. 1976).

 Rights and responsibilities under the Property Tax Code derive from
ownership of the subject property. See, e.g., Tex. Tax Code Ann. § 32.07(a)
(Vernon Supp. 2007) (stating that, "[P]roperty taxes are the personal obligation of
the person who owns or acquires the property on January 1 of the year for which
the tax is imposed. . . . .") (emphasis added); Tex. Tax Code Ann. § 41.41(a)(1)
(Vernon 2001) (recognizing right of property owner to determination of the
appraised value of property, among other rights); Id. § 41.412(a) (recognizing right
of protest in favor of party who acquires ownership of property after January 1 of,
and before deadline for filing protest in, given tax year). (8)
 

 Sections 42.01 through 42.43 of chapter 42 of the Code govern suits for
judicial review, as sought by Koll Bren in this case. See id. §§ 42.01-.43 (Vernon
2001 & Supp. 2007). These statutes demonstrate that the right to judicial review
derives from ownership of the subject property. Section 42.21(a) of the Code
states the procedural requirements that a party who seeks to appeal by the suit for
judicial review must meet, as follows: 

 A party who appeals as provided by this chapter must file a petition
for review with the district court within 45 days after the party
received notice that a final order has been entered from which an
appeal may be had. Failure to timely file a petition for review bars
any appeal under this chapter.


Id. § 42.21(a) (Vernon 2001) (emphasis added). Section 42.21(a) does not state
who may be an appealing "party," except by description as one "who appeals as
provided by this chapter." See id. But "this chapter" is necessarily chapter 42,
which governs judicial review. See id. §§ 42.01-.43. And section 42.01, entitled
"Right of Appeal by Property Owner," specifies that "a property owner is entitled
to appeal . . . an order of the appraisal review board determining . . . a protest by
the property owner" as provided by section 41.41 et seq. of the Property Tax Code. 
Id. § 42.01(1)(A) (emphasis added). (9) The requirement of ownership of the
property applies, therefore, to both the right to protest an assessment to a local
appraisal board and the right to appeal the board's resolution of the protest to the
district court. A property owner must, therefore, protest a determination by the
appraisal review board in order to be entitled to appeal by petition for judicial
review to the district court. See id.; accord, id. § 42.09 (providing that remedies
under Property Tax Code are exclusive).

 To qualify as a "party" entitled to seek judicial review of an appraisal-review
board determination, Koll Bren and Hartman had to either (1) own the property, (2)
be the properly designated agent of the owner, or (3) be the lessee of the property
under the circumstances stated in section 41.413. A person or entity who does not
meet one of these criteria, but nonetheless seeks judicial review of an appraisal-review board determination, has neither a "legal right" to enforce, see Nobles, 533
S.W.2d at 927, nor any "real controversy" at issue, see Nootsie, Ltd., 925 S.W.2d
at 661, and, therefore, no standing under the Code. See Nobles, 533 S.W.2d at 927;
Nootsie, Ltd., 925 S.W.2d at 661; Tourneau Houston, Inc., 24 S.W.3d at 909
(addressing question of standing of owner or agent to protest ad valorem taxation
and resulting lack of standing to seek judicial review). 

A. Koll Bren's Standing to Seek Judicial Review

 Despite claiming ownership of the property in its protest to the Board's
valuation, Koll Bren conceded in the trial court that it did not own the property on
January 1, 2005, having transferred it to Hartman the previous August 20 by
special warranty deed. Having never claimed rights under the Property Tax Code
as either lessee or agent, the only possible basis on which Koll Bren could assert
standing under the Code is section 42.01(1)(A), which governs the right of a
property owner to appeal to the district court by petition for review. Tex. Tax
Code Ann. § 42.01(1)(A). But Koll Bren did not own the property on January 1,
2005 and thus had no legal right to appeal under section 42.01(1)(A) and,
therefore, no standing to seek judicial review in the district court. See id.; Nobles,
533 S.W.2d at 927; Nootsie, Ltd., 925 S.W.2d at 661; Tourneau Houston, Inc., 24
S.W.3d at 909. Koll Bren's lack of standing as owner thus precludes Koll Bren's
"party" status under section 42.21(a). See Tex. Tax Code Ann. § 42.21(a).

B. Hartman's Standing to Seek Judicial Review

 Having acquired the property on August 20, 2004, Hartman acquired
standing, as "new owner," to protest the valuation by the appraisal-review board,
as provided by chapter 41. See id. § 41.412(a). But Hartman did not pursue its
chapter 41 right of protest; instead, Koll Bren pursued that remedy, despite lack of
ownership. Thus, the Board did not ever determine "a protest" by the actual
"property owner," specifically, Hartman, on which Hartman could premise any
"right of appeal" as "property owner." See id. § 42.01(a). 

 The provisions of the Property Tax Code further provide that its remedies
for adjudication of property-tax protests are "exclusive," except as provided by that
statute. Id. § 42.09. Accordingly, failure to comply with those procedures
deprives the reviewing court of jurisdiction. See Cameron Appraisal Dist. v.
Rourk, 194 S.W.3d 501, 502 (Tex. 2006); Matagorda County Appraisal Dist. v.
Coastal Liquids Partners, L.P., 165 S.W.3d 329, 331 (Tex. 2005); Reed v. Prince,
194 S.W.3d 107-08 (Tex. App.--Texarkana 2006, pet. denied); see also Houston
Indep. Sch. Dist. v. 1615 Corp., 217 S.W.3d 631, 637 (Tex. App.--Houston [14th
Dist.] 2006, pet. denied) (deferring to Cameron's holding, with reservations).

 Because Hartman did not pursue its chapter 41 right to protest the valuation
before the Board, the Board never determined "a protest" by Hartman as "the
property owner." See Tex. Tax Code Ann. § 42.01(a). (10) Accordingly, Hartman
had neither a "legal right" to enforce, see Nobles, 533 S.W.2d at 927, nor any "real
controversy" for the trial court to determine, see Nootsie, Ltd., 925 S.W.2d at 661,
and, therefore, like Koll Bren, no standing under the Code. See Nobles, 533
S.W.2d at 927; Nootsie, Ltd., 925 S.W.2d at 661; Tourneau Houston, Inc., 24
S.W.3d at 909.

 Having concluded that neither Koll Bren nor Hartman had standing to
challenge the Board's determination of Koll Bren's protest by seeking judicial
review in the trial court, we turn to Koll-Bren's and Hartman's sub-issues. 

Timeliness of Amendment 


 In their first issue, Koll Bren and Hartman contend that the trial court erred
by granting HCAD's plea to the jurisdiction because section 42.21(e) authorized
Koll Bren to amend its petition to "correct or change the name of a party." In their
third issue, they argue that Koll Bren's petition for judicial review encompasses
Hartman because Koll Bren sought review "as the property owners and the
property owners." 

 Section 42.21(a) requires a property owner must file its petition for review
of an appraisal-review board determination "within 45 days after the party has
received notice that a final order has been entered from which an appeal may be
had." Tex. Tax Code Ann. § 42.21(a). Subsection (e)(1) of this statute further
provides that a "timely filed petition" may "subsequently be amended" to "correct
or change the name of a party." Id. § 42.21(e)(1). Koll Bren and Hartman contend
that because Koll Bren timely filed its petition for review, subsection (e)
authorized Koll Ben to amend the petition to include the actual owner, Hartman. 
We disagree. 

 Koll Bren and Hartman emphasize that section 42.21(e) imposes no strict
time limits, in contrast to the 45-day limit of section 42.21(a). Yet, the Supreme
Court of Texas recently affirmed that appraisal-review determinations become
final if not appealed to the district court within 45 days. Cameron Appraisal Dist.,
194 S.W.3d at 502 (citing Tex. Tax Code Ann. § 42.21(a)). Koll Bren sought
judicial review within the 45-day time limit of 42.21(a) in this case, but Koll Bren
had no standing and was thus not a proper "party" to bring the suit for judicial
review under Property Code sections 42.01(1)(A) and 42.21(a). No proper party
having appealed to the district court within 45 days, the trial court never acquired
subject-matter jurisdiction, and the Board's valuation became final when those 45
days expired. See Cameron Appraisal Dist., 194 S.W.3d at 502; Taufiq ex rel.
Patrick O'Connor and Assocs., Inc. v. Harris County Appraisal Dist., 6 S.W.3d
652, 654 (Tex. App.- Houston [14th Dist.] 1999, no pet.); see also M.D. Anderson
Cancer Center v. Novak, 52 S.W.3d 704, 711 (Tex. 2001) (holding, in context of
class action, that lack of standing of individual plaintiff when suit was filed
deprived court of subject-matter jurisdiction of individual's claims and claims of
class members). 

 The contention that section 42.21(e) authorized Koll Bren to amend its
petition to add the true owner, Hartman, is further flawed because the contention
assumes that Hartman was a proper party. As noted above, though a proper party,
as new owner, to protest the valuation determined by the appraisal-review board,
see Tex. Tax Code Ann. § 41.412, Hartman did not exercise that right. Having
not exercised its right as owner, Hartman was not a proper party to seek the chapter
42 remedy of petitioning the district court for judicial review. See id. §§ 42.01(a),
42.21(1)(A), 42.09.

 Koll Bren's and Hartman's contention, in their third issue, that Koll-Bren's
filing the petition "as the property owners and the property owners" likewise
assumes that Hartman was a proper party to seek judicial review, which it was not.

 We overrule the first and third sub-issues.

Jurisdictional Challenge 


 In their second issue, Koll Bren and Hartman contend that the trial court
erred by dismissing their petition for review because section 42.21 of the Tax Code
is not jurisdictional. (11) The thrust of these arguments is to bring Hartman within the
jurisdiction of the district court, despite not attempting to join Hartman until over a
year after the 45-day deadline of section 42.21(a) of the Property Code. See
Cameron Appraisal Dist., 194 S.W.3d at 502 ("Administrative decisions are final
if not appealed to the district court within 45 days."). (12) In addition, Koll Bren and
Hartman seek to circumvent the requirement that Hartman must have first filed a
protest in order to challenge the results of the protest in the district court. See Tex.
Tax Code Ann. §§ 42.01(a), 42.21(1)(A), 42.09.

 In challenging these statutory requirements, Koll Bren and Hartman rely on
Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000), in which the supreme
court stated that "all claims are presumed to fall within the jurisdiction of the
district court unless the Legislature or Congress has provided that they must be
heard elsewhere." Kazi overruled Mingus v. Wadley, 285 S.W. 1084 (Tex. 1926),
which recognized the "general rule," that statutory provisions are "mandatory and
exclusive, and must be complied with in all respects" when a "cause of action and
remedy for its enforcement are not derived from the common law but from the
statute." Kazi, 12 S.W.3d at 75. 

 Before Kazi, the supreme court upheld, as mandatory and jurisdictional, the
statutory prerequisites for a petition for judicial review of a resolution of a valuation
protest to the district court. See Appraisal Review Bd. v. Int'l Church of
Foursquare Gospel, 719 S.W.2d 160, 160 (Tex. 1986). Koll Bren and Hartman
emphasize, however, that Church of Foursquare Gospel relied, in turn, on the
reasoning of Mingus, which Kazi overruled. See Church of Foursquare Gospel, 
719 S.W.2d at 160 (citing Bullock v. Amoco Prod. Co., 608 S.W.2d 899, 901 (Tex.
1980). Koll Bren and Hartman also rely on a footnote in Matagorda County
Appraisal Dist., in which the supreme court stated, "[W]e have yet to address
whether [the] holding [in Church of Foursquare Gospel] survives" the holding in
Kazi that compliance with statutory requirements for asserting wrongful death
claims was "case determinative," but not a jurisdictional question. Matagorda
County Appraisal Dist., 194 S.W.3d at 331 n.5. (13) 

 The supreme court decided Matagorda County Appraisal District in 2005
and decided Cameron Appraisal District in 2006, five and six years after Kazi,
respectively. Both cases affirm that the exhaustion of remedies provisions of
section 42.09 of the Property Tax Code are mandatory and jurisdictional. See
Cameron Appraisal Dist., 194 S.W.3d at 501-02 (holding that, "Because
exhaustion of administrative remedies was mandatory, we reverse.") (quoting
Matagorda County Appraisal Dist. 165 S.W.3d at 331); Matagorda County
Appraisal Dist., 165 S.W.3d at 331 (recognizing as "true [that] a taxpayer's failure
to pursue an appraisal review board proceeding deprives the courts of jurisdiction to
decide most matters relating to ad valorem taxes.") (dicta). 

 Koll Bren and Hartman acknowledge these statements, but contend that they
do not apply. More specifically, they argue that section 42.09 of the Property Code
does not apply--and that section 42.01 is not jurisdictional in this case--because
"there is no question in this case that the administrative review process was
exhausted" by Koll Bren. Despite having invoked the administrative process by
filing a protest before the Board, it is undisputed, and Koll Bren concedes, that it
did not own the property, though it claimed ownership, both before the board and
the district court. Because Koll Bren did not own the property, it had no standing to
seek judicial review, which deprived the trial court of jurisdiction. We decline to
invoke Kazi policy concerns in order to premise the standing of Hartman on an
entity that lacks standing as a matter of law. Koll Bren and Hartman have failed to
demonstrate that section 42.21(a) is not jurisdictional. 

 More importantly, as explained above, Hartman also has no standing as
matter of law because it did not file a protest with the Board and thus failed to
exhaust the administrative procedures required to invoke the trial court's
jurisdiction to address the petition for review. See Tex. Tax Code Ann. § 42.09. 
As the supreme court reiterated just recently, in Cameron Appraisal District, "[W]e
have repeatedly held that a taxpayer's failure to pursue an appraisal[-]review board
proceeding deprives the courts of jurisdiction to review most matters relating to ad
valorem taxes." 194 S.W.3d at 502 (citing Tex. Tax Code Ann. § 42.09;
Matagorda County Appraisal Dist., 165 S.W.3d at 331, among other cases). 

 Given the supreme court's having unequivocally enforced section 42.09 as
mandatory and jurisdictional, and Hartman's failure to exhaust its remedies by
filing a protest to the board, though authorized to do so by section 41.412, we hold
that Hartman's failure to pursue its remedies also barred the trial court's subject-matter jurisdiction to review determination of the protest filed by Koll Bren in this
case, and, therefore, that Koll Bren's and Hartman's reliance on Kazi is further
misplaced. See Tex. Tax Code Ann. § 42.09; Cameron Appraisal Dist., 194
S.W.3d at 501; Matagorda County Appraisal Dist., 165 S.W.3d at 331; see also
Reed, 194 S.W.2d at 107-08 (applying exhaustion-of-remedies principles); Houston
Indep. Sch. Dist., 217 S.W.3d at 637 (deferring to Cameron precedent).

 We overrule the second issue.

Conclusion


 We affirm the judgment of the trial court.




 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. Koll Bren's and Hartman's live pleadings and their notice of appeal identify both
HCAD and the Appraisal Review Board of HCAD (Board) as party defendants. The
record on appeal does not show, however, that the Board ever appeared in the trial
court, and HCAD asserts that its Board was never served and did not appear. We note
at the outset that an appraisal-review board is no longer a necessary party to a suit for
judicial review filed by a property owner under the circumstances presented here. See
Tex. Tax Code Ann. § 42.21(b) (Vernon 2001); cf., Poly-Am., Inc. v. Dallas County
Appraisal Dist., 704 S.W.2d 936, 937-38 (Tex. App.--Waco 1986, no writ)
(construing former section 42.21(b), which required joinder of appraisal-review board
in suit for judicial review). Because the Board was not a necessary party, and because
the record does not affirmatively demonstrate that the Board was ever served or
appeared, we hold that HCAD is the only appellee properly before this Court. We
further hold that the trial court's judgment of dismissal is final despite lack of
disposition of appellants' claims against the Board. See generally In re Sheppard 193
S.W.3d 181, 187 (Tex. App.--Houston [1st Dist.] 2006) (orig. proceeding) (holding
that judgment that expressly disposed of served defendants, but did not dispose of
named, but unserved, defendants, was final for purposes of appeal) (citing
Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962)). 
2. See Tex. Tax Code Ann. § 42.01 (Vernon 2001). 
3. Tex. Tax Code Ann. § 42.21(e) (Vernon 2001).
4. See Tex. Tax Code Ann. § 42.21(a) (Vernon 2001).
5. Appellate courts have jurisdiction to consider appeals of interlocutory orders,
provided a statute expressly provides appellate jurisdiction. Stary v. DeBord, 967
S.W.2d 352, 352-53 (Tex. 1998); see Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2007) (authorizing courts of appeal to review
interlocutory order that grants or denies plea to jurisdiction). Our jurisdiction over
this appeal, however, derives not from section 51.014(a)(8), but from section 51.012
of the Remedies Code, which governs ordinary, traditional appeals from final
judgments, see Tex. Civ. Prac. & Rem.Code Ann. § 51.012 (Vernon 1997), because
the trial court rendered a final judgment when it dismissed Koll Bren's and Hartman's
suit for judicial review. 
6. Koll Bren filed the protest through "an authorized tax agent" identified as O'Connor
& Associates. 
7. After the trial court granted HCAD's plea to the jurisdiction, Koll Bren and Hartman
filed a motion for rehearing or, alternatively, for new trial, by which they sought to
introduce evidence that Hartman attempted to identify itself as the owner of the
property after January 1, 2005, and that the Board held the hearing that resulted in the
final order in Hartman's name. The trial court sustained HCAD's objections to Koll
Bren's and Hartman's evidence and denied their motion. Koll Bren's and Hartman's
issues on appeal do not challenge these rulings by the trial court.
8. The Tax Code envisions and provides for circumstances, not applicable here, in which
the owner of the property designates a lessee or other person to act as the agent of the
owner in exercising the rights and responsibilities of the owner. See Tex. Tax Code
Ann. § 1.111 (Vernon 2001); see also id. § 41.413(b) (Vernon 2001) (authorizing
lessee of real property who is contractually obliged to reimburse property owner for
property taxes to protest appraised value of property if owner does not protest). 

9. The right of appeal of a person leasing the property is governed by Tex. Tax Code
Ann. § 42.015.
10. Like Koll Bren, Hartman has never asserted rights as lessee or agent. 
11. Reading the third issue broadly and in accordance with the supporting arguments, we
construe the challenge as encompassing the entirety of chapter 42 of the Property Tax
Code, which governs judicial review. 
12. In support of their jurisdictional challenge, Koll Bren and Hartman also contend that
the trial court strayed from the pleadings in determining jurisdiction by considering
evidence of ownership of the property. We reject this contention, given that the
ownership facts in this case are undisputed. Moreover, Bland Indep. School Dist. v.
Blue, 34 S.W.3d 547, 554-55 (Tex. 2000) confirms that trial courts may properly
consider evidence pertinent to jurisdictional inquiry.
13. As the supreme court noted, the question whether both owner and lessee can pursue
chapter 41 protest was not a jurisdictional issue in Matagorda County Appraisal Dist.
v. Coastal Liquids Partners, Inc., 194 S.W.3d 501, 331 (Tex. 2005).