**HOUSTON INDEPENDENT SCHOOL DISTRICT, City of Houston, and Harris County, Appellants,**

v.

**1615 CORPORATION, Lance Dreyer, and S.R. Dreyer, Appellees.**

**No. 14–04–00859–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 30, 2006.

Rehearing En Banc Overruled March 8, 2007.

---

F. Duane Force, Austin, for appellants.

Will G. Dickey, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## OPINION ON REHEARING

KEM THOMPSON FROST, Justice.

In their "Further Motion for Rehearing," appellants Houston Independent School District, City of Houston, and Harris County assert that this court must change its judgment in light of the Texas Supreme Court's recent holding that the application of Tax Code section 42.09's exclusive-remedies provision deprives the trial court of jurisdiction. We agree, grant this motion for rehearing, withdraw our original opinion of October 27, 2005 and our supplemental opinion of July 20, 2006, reverse the trial court's order denying appellants' plea to the jurisdiction, and render judgment dismissing appellees' claims for lack of jurisdiction.

## I. FACTUAL BACKGROUND

This action stems from an underlying lawsuit brought by various taxing authorities [1] for unpaid taxes during the years of 1984 through 1999, plus penalties and interest, on the property described as Lot Six (6), Block Three (3), Edgemont Addition, in Harris County, Texas, more commonly known as 1615 North Boulevard, Houston, Texas 77006 (hereinafter the "Property"). On October 2, 2000, the 270th Judicial District Court granted the motion for summary judgment filed by appellants Houston Independent School District, City of Houston, and Harris County (hereinafter collectively "the Taxing Authorities"). The trial court also rendered a final judgment *in rem* (hereinafter referred to as the "Judgment") in favor of the Taxing Authorities and against all entities or individuals with a potential interest in the Property.

The Judgment foreclosed tax liens against the Property and awarded the Taxing Authorities their delinquent taxes, penalties, interest, and costs for the tax years of 1984 through 1999. The total amount of the Judgment is $351,535.27, plus postjudgment interest. Appellee S.R. Dreyer is the current owner of the Property, but she and her husband, appellee Lance Dreyer (hereinafter collectively "the Dreyers") were not parties to this underlying tax suit and did not have an interest in the Property when the trial court signed the Judgment. From December 2000 through December 2002, the Dreyers paid approximately $383,279.52 against the Judgment.[2]

---

1. These taxing authorities in the underlying action included: (1) Houston Independent School District, (2) Harris County Education District, (3) Harris County, (4) Harris County Education Department, (5) Port of Houston of Harris County Authority, (6) Harris County Flood Control District, (7) Harris County Hos-

pital District, (8) City of Houston, and (9) Houston Community College System.

2. The record indicates that, except for the taxes allegedly owed to Houston Independent School District for the 1998 and 1999 tax years, the Dreyers paid all of the taxes, penal-

Before the Dreyers acquired an interest in the Property, appellee 1615 Corporation owned the Property jointly with W.C. J. Marquart, III. On July 18, 2001, 1615 Corporation conveyed what it believed to be a "100% interest" in the Property to P.W. Dreyer. On August 27, 2001, after realizing that it did not own an entire 100% interest, 1615 Corporation acquired a deed from W.C.J. Marquart, III, which conveyed Marquart's interest in the Property to 1615 Corporation. The following day, 1615 Corporation executed a second deed in connection with this interest in favor of P.W. Dreyer. On September 17, 2001, 1615 Corporation executed a third deed conveying all interest in the Property to P.W. Dreyer and made the deed "effective as of December 21, 2000." Finally, on November 1, 2002, P.W. Dreyer executed a deed that conveyed the Property to S.R. Dreyer, who currently lives on the Property with her husband, Lance Dreyer.

## II. PROCEDURAL BACKGROUND

On June 10, 2003, the Taxing Authorities attempted to foreclose on the Property because of an alleged remaining tax balance of $18,864.89. On July 18, 2003, the Dreyers filed their "Original Petition for Bill of Review and Declaratory Judgment." Later, 1615 Corporation joined the suit as a plaintiff. On September 8, 2003, the trial court signed a temporary injunction preventing a foreclosure sale.

On January 21, 2004, the Dreyers and 1615 Corporation amended their pleadings. They sought an equitable bill of review, declaratory judgment, and recoupment of alleged overpayments of taxes on the Property. The Dreyers and 1615 Corporation sought to set aside the Judgment, arguing that it contains an of-

ficial mistake by the Taxing Authorities in the tax calculations for years 1988 through 1991. The Dreyers and 1615 Corporation allege that this official mistake occurred when the homestead exemption for the Property was improperly removed during these years, even though the Marquart family was continuously occupying the Property as a homestead. Because the tax rolls did not reflect the alleged homestead status of the Property for 1988 through 1991, the amount of the Judgment was substantially greater than it would have been if the Property had received the homestead exemption. The Dreyers asserted that, because of this failure to apply the homestead exemption, they overpaid the property taxes by approximately $108,722.38. They also alleged that the Taxing Authorities committed fraud by representing in the underlying lawsuit that the Property was not a homestead during the tax years of 1988 through 1991. Further, the Dreyers and 1615 Corporation sought the following declarations from the trial court:

(1) The Property was used and occupied as a single-family homestead in the years 1988 through 1991;

(2) The Taxing Authorities illegally removed the homestead exemption for the Property for 1988 through 1991; and

(3) This removal of the homestead exemption for 1988 through 1991 is void *ab initio*.

The parties filed motions for partial summary judgment. In their motion, the Dreyers and 1615 Corporation argued they were entitled to the relief sought in their pleadings as a matter of law; they sought reinstatement of the single-family home-

---

ties, and interest awarded in the Judgment. The record does not explain why the Dreyers made payments against the Judgment before

the execution of the July 18, 2001 deed. However, the September 17, 2001 deed stated that it was effective as of December 21, 2000.

stead exemption for 1988 through 1991, a credit for the amount of taxes they claim were overpaid, and recoupment of that amount. The Taxing Authorities included in their response and motion for partial summary judgment a jurisdictional plea asserting that the trial court lacked subject-matter jurisdiction over the Dreyers' and 1615 Corporation's claims because (a) all taxes, penalties, and interest during the years of 1988 through 1991 have been paid; (b) the Dreyers lack standing because they were not parties to the underlying action; (c) 1615 Corporation lacks standing because it does not own the Property; and (d) the trial court lacks subject-matter jurisdiction based on the exclusive-remedies provision in Tax Code section 42.09(a).[3]

The trial court signed an order denying the Taxing Authorities' motion for summary judgment and denying their plea that the trial court lacked subject-matter jurisdiction. The Taxing Authorities brought this interlocutory appeal under section 51.014(a)(8) of the Texas Civil Practices Remedies Code, challenging the trial court's denial of their plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2006) (allowing appeal from interlocutory district-court order denying plea to the jurisdiction by a governmental unit).

On appeal, the Taxing Authorities present the following issues for appellate review:

(1) Does the Dreyers' payment of taxes, penalties, and interest moot the claims of the Dreyers and 1615 Corporation against the Taxing Authorities, thereby depriving the trial court of subject-matter jurisdiction?

(2) Do the Dreyers and 1615 Corporation have standing to bring their claims?

(3) Does the alleged failure of the Dreyers and 1615 Corporation to exhaust their administrative remedies under the Texas Property Tax Code deprive the trial court of jurisdiction over their claims?

On original submission, we held, among other things, that this court lacked appellate jurisdiction over the Taxing Authorities' argument that Tax Code section 42.09 deprived the trial court of subject-matter jurisdiction. *See* TEX. TAX CODE ANN. § 42.09 (Vernon 2001); *Houston Indep. Sch. Dist. v. 1615 Corp.*, No. 14–04–00859–CV, 2005 WL 2787279, at *4–6 (Tex.App.-Houston [14th Dist.] Oct. 27, 2005, no pet. h.) (withdrawn). Under the Texas Supreme Court's analysis in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75–77 (Tex.2000), we concluded that application of section 42.09's exclusive-remedies provision would not deprive the trial court of jurisdiction. *See 1615 Corp.*, 2005 WL 2787279, at *4–6 (withdrawn). We determined that we lacked appellate jurisdiction over the Taxing Authorities' third issue, in which they asserted their section 42.09 argument, because this argument does not go to the trial court's jurisdiction. *See id.*; TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8).

The Taxing Authorities then filed their first motion for rehearing in this case, contending, among other things, that in addressing their third issue, we overlooked binding precedent from this court. We denied the Taxing Authorities' first motion for rehearing, and issued a supplemental

---

**3.** In addition, the Taxing Authorities argued that the Dreyers' and 1615 Corporation's alleged meritorious defense is barred as a matter of law and that the summary-judgment evidence negates their claim of fraudulent conduct and mistake by the Taxing Authorities as well as "official mistake." These issues go to the merits and are not before us in this appeal.

opinion. *See Houston Indep. Sch. Dist. v. 1615 Corp.*, No. 14–04–00859–CV, 2006 WL 2035569, at *1 (Tex.App.-Houston [14th Dist.] July 20, 2006, no pet. h.) (supplemental opinion on rehearing) (withdrawn).

The Taxing Authorities have now filed a "Further Motion for Rehearing" in this case, contending, among other things, that a recent Texas Supreme Court case, *Cameron Appraisal District v. Rourk*, 194 S.W.3d 501 (Tex.2006), holds that the application of section 42.09 deprives the trial court of subject-matter jurisdiction, contrary to this court's prior decision in this appeal.

## III. ANALYSIS

■ This appeal arises from the trial court's denial of the Taxing Authorities' plea to the jurisdiction. Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides for an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Moreover, if the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, an interlocutory appeal may be brought. *See id.; San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245 n. 3 (Tex.2004). Our appellate jurisdiction in this interlocutory appeal is limited to the issues of subject-matter jurisdiction. *See, e.g., Tex. Dep't of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730–31 & n. 3 (Tex. App.-Austin 1999, no pet.) (holding in an appeal involving a plea to the jurisdiction under § 51.014(a)(8), "[o]ur analysis is, of necessity, confined to only to [the parties'] jurisdictional arguments").

■ In reviewing a plea to the jurisdiction, we cannot examine the merits of the case. *See Tomball Hosp. Auth. v. Harris County Hosp. Dist.*, 178 S.W.3d 244, 249 (Tex.App.-Houston [14th Dist.] 2005, pet. filed) (dismissing summary-judgment issues for want of jurisdiction and addressing only the plea to the jurisdiction); *see also City of Houston v. Rushing*, 7 S.W.3d 909, 913 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (explaining that "[a] motion for summary judgment concerns the merits of a lawsuit" whereas "a plea to the jurisdiction concerns whether the pleadings state a cause of action that confers jurisdiction on the trial court"). Therefore, we have appellate jurisdiction only over the Taxing Authorities' jurisdictional issues. *See City of Sunset Valley*, 8 S.W.3d at 730–31.

## Would application of Tax Code section 42.09's exclusive-remedies provision deprive the trial court of jurisdiction?

■ We first address the Taxing Authorities' contention in their third issue that the trial court lacks subject-matter jurisdiction over this case because the Dreyers and 1615 Corporation failed to exhaust all of their administrative remedies under Chapters 41 and 42 of the Tax Code. In making this argument, the Taxing Authorities cite various sections of the Tax Code. *See* TEX. TAX CODE ANN. §§ 41.41(a)(4) & (9), 41.44(a), 41.45, 42.21(b), 42.09 (Vernon 2001). As a threshold issue, we must decide whether this argument, if successful, would mean that the trial court lacks subject-matter jurisdiction. If it would not, then this court lacks appellate jurisdiction over the Taxing Authorities' third issue. *See Rushing*, 7 S.W.3d at 913.

Even though the Taxing Authorities cite all of the foregoing sections of the Tax Code, the basis of their argument is section 42.09, which states that the procedures prescribed by the Property Tax

Code[4] provide the exclusive remedies for adjudicating the grounds of protest authorized by the Property Tax Code. *See* TEX. TAX CODE ANN. § 42.09(a). Section 42.09(a) states that a property owner may not raise any of these grounds as a basis for relief in a suit by the property owner to obtain a refund of taxes paid. *See id.* The other sections of the Tax Code cited by the Taxing Authorities are the procedures that, under section 42.09, allegedly provide the exclusive remedies for the Dreyers and 1615 Corporation.[5] *See* TEX. TAX CODE ANN. §§ 41.41(a)(4) & (9), 41.44(a), 41.45, 42.21(b). In this case the Dreyers and 1615 Corporation are not pursuing administrative remedies or seeking judicial review of any administrative action; rather, they seek to set aside and modify the Judgment by an equitable bill of review and to recoup taxes that the Dreyers allegedly overpaid. In this context, the only statute cited by the Taxing Authorities that might bar these claims is section 42.09. *See* TEX. TAX CODE ANN. § 42.09(a). Therefore, we do not reach the issue of whether sections 41.41, 41.44, 41.45, or 42.21 of the Tax Code are jurisdictional. The Taxing Authorities' third issue is based on section 42.09(a), and so we must determine if the application of this section would deprive the trial court of jurisdiction.

In *Dubai Petroleum Co. v. Kazi,* the Texas Supreme Court disapproved of a long line of cases holding that, when a claim is based on a statute, the statutory provisions are mandatory, exclusive, and require compliance in all respects, otherwise the trial court lacks subject-matter jurisdiction. 12 S.W.3d 71, 75–77 (Tex. 2000). The *Kazi* court sided with the mod-

ern trend that treats failure to comply with statutory requirements as defeating a claimant's right to relief but not defeating the trial court's jurisdiction:

> [T]he modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction ... The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.

*Id.* at 76–77 (quotations omitted).

Prior to *Kazi,* several courts of appeals held, or indicated in dicta, that application of section 42.09(a)'s exclusive-remedies provision would deprive a trial court of jurisdiction. *See, e.g., Northwest Texas Conf. of the United Methodist Church v. Happy Indep. Sch. Dist.,* 839 S.W.2d 140, 143 (Tex.App.-Amarillo 1992, no writ) (holding that application of section 42.09 of the Tax Code deprives trial court of jurisdictional to consider alleged tax exemption); *City of Shenandoah v. Jimmy Swaggart Evangelistic Ass'n,* 785 S.W.2d 899, 903 (Tex.App.-Beaumont 1990, writ denied) (holding that section 42.09 of the Tax Code deprived trial court of jurisdiction to consider alleged exemption because the Tax Code's provisions for protesting the denial of an exemption created right that did not exist at common law and thus courts only have jurisdiction to act in a manner provided by the statute that created those rights). On original submission, the parties had not cited, and this court had not found, a case from the Texas Supreme Court or from this court address-

---

**4.** The Property Tax Code is title 1 of the Tax Code, to which section 42.09(a) refers. *See* TEX. TAX CODE ANN. § 42.09(a).

**5.** These sections establish procedures for administratively protesting, among other things, the denial of a tax exemption and for seeking judicial review in the district court of such an administrative decision.

ing whether the application of section 42.09 would deprive the trial court of jurisdiction. This court did not have before it any precedent addressing whether, in light of the *Kazi* decision, the application of section 42.09 would deprive the trial court of subject-matter jurisdiction. Therefore, on original submission, this court determined as an issue of first impression, that under a *Kazi* analysis, section 42.09(a), if it applies, affects a party's right to relief but does not deprive the trial court of jurisdiction.

After our decision on original submission and after the Taxing Authorities filed their first motion for rehearing, the Texas Supreme Court issued *Cameron Appraisal District v. Rourk,* 194 S.W.3d 501 (Tex. 2006) (per curiam). The *Rourk* court did not apply a *Kazi* analysis to section 42.09; however, our high court did state in *Rourk* that the Texas Supreme Court has "repeatedly held that 'a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes.'" *Cameron Appraisal Dist. v. Rourk,* 194 S.W.3d 501, 502 (Tex.2006) (quoting *Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.,* 165 S.W.3d 329, 331 (Tex.2005)). The Texas Supreme Court also stated that there is no question that the Texas Legislature intended to bestow exclusive jurisdiction on the property-tax administrative bodies. *See id.* In *Rourk,* our high court indicated that section 42.09 expresses this intent of the Texas Legislature, and our high court concluded that the trial court properly dismissed for lack of jurisdiction the claims of taxpayers who did not pursue the administrative remedies provided by the Tax Code. *See id.* at 501–02.

We respectfully disagree with the indication in *Rourk* that the Texas Supreme Court had previously held that the application of section 42.09 deprives the trial court of jurisdiction.[6] Nonetheless, although the *Rourk* court did not engage in a *Kazi* analysis, it did clearly hold that the application of section 42.09's exclusive-remedies provision deprives a court of jurisdiction. *See id.* at 501–02. As an intermediate appellate court, we are not at liberty to re-evaluate the propriety of the *Rourk* court's holding; rather, we must apply it in this case. *See In re K.M.S.,* 91 S.W.3d 331 (Tex.2002) (courts of appeals are not free to disregard pronouncements from Texas Supreme Court). Therefore, we hold that, under *Rourk,* the application of section 42.09's exclusive-remedies provision deprives the trial court of jurisdiction. *See Rourk,* 194 S.W.3d at 502; *Midland Cent. Appraisal Dist. v. Plains Marketing, L.P.,* 202 S.W.3d 469, 472–75 (Tex.App.-Eastland 2006, no pet. h.) (citing *Rourk*

---

**6.** The *Rourk* court cited four cases for this proposition; however, none of these cases involved holdings that section 42.09's exclusive-remedies provision deprives the trial court of jurisdiction. *See Rourk,* 194 S.W.3d at 502 (citing four cases); *Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.,* 165 S.W.3d 329, 331 & n. 5 (Tex.2005) (stating in obiter dictum that taxpayer's failure to pursue administrative remedies deprives courts of jurisdiction in most cases but noting that Texas Supreme Court has not yet decided if this is still true in light of its decision in *Kazi* ); *In re Entergy,* 142 S.W.3d 316, 321–24 (Tex.2004) (applying *Kazi* analy-

sis to Public Utility Regulatory Act in case that did not involve the Tax Code); *General Elec. Credit Corp. v. Midland Cent. Appraisal Dist.,* 826 S.W.2d 124, 125 (Tex.1991) (holding only that court of appeals erred in assessing sanctions against appellant for appealing for delay and without sufficient cause); *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.,* 792 S.W.2d 952, 953–55 (Tex.1990) (holding that taxpayer who files a protest with the appraisal review board must appear at the protest hearing as a prerequisite to filing a petition for review in the district court, without addressing whether application of section 42.09 deprives the trial court of jurisdiction).

and concluding that application of section 42.09 deprives the trial court of jurisdiction). Accordingly, this court has appellate jurisdiction over the Taxing Authorities' third issue. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8).

With exceptions that do not apply to this case, the procedures prescribed by the Tax Code for adjudication of the grounds of protest authorized by that statute (which include complaints regarding an alleged homestead exemption) are exclusive. *See* TEX. TAX CODE ANN. § 42.09(a). This suit by the Dreyers and 1615 Corporation seeking an equitable bill of review, declaratory judgment, and recoupment of alleged overpayments of property taxes is not part of the procedures prescribed by the Property Tax Code.[7] *See id.* § 41.01, *et seq.* (Vernon 2001). Therefore, section 42.09 bars the claims brought by the Dreyers and 1615 Corporation. *See id.* § 42.09; *Rourk,* 194 S.W.3d at 502. Under the Texas Supreme Court's decision in *Rourk,* the application of section 42.09 deprives the trial court of jurisdiction, and therefore the trial court erred in denying the Taxing Authorities' plea to the jurisdiction.[8] *See Rourk,* 194 S.W.3d at 501–02. Accordingly, we sustain the Taxing Authorities' third issue, reverse the trial court's order denying the Taxing Authorities' plea to the

jurisdiction, and render judgment dismissing all the claims of the Dreyers and 1615 Corporation for lack of subject-matter jurisdiction.[9]

HEDGES, C.J., concurs without opinion.

---

7. The Dreyers and 1615 Corporation seek a bill of review as to a judgment rendered in an enforcement action, not as to a judgment rendered in response to a petition to review an order of the appraisal review board. *See* TEX. TAX CODE ANN. § 42.01, *et seq.* (Vernon 2001).

8. The Dreyers and 1615 Corporation assert that this court cannot review the jurisdictional issues raised by the Taxing Authorities' plea to the jurisdiction because the trial court may have denied this plea on the basis that it was untimely under a September 2003 agreement under Texas Rule of Civil Procedure 11 that set a deadline for motions for summary judgment, which deadline passed before the Taxing Authorities challenged the trial ·court's

jurisdiction. We disagree. The deadline in the agreement covers motions for summary judgment, not pleas to the jurisdiction. Furthermore, after the parties entered into this agreement, plaintiffs amended their petition three times, adding claims and adding 1615 Corporation as a plaintiff. The trial date in the Rule 11 agreement passed without a trial, and the trial court heard motions for summary judgment after the deadline in the agreement for hearings on motions for summary judgment.

9. Having sustained the Taxing Authorities' third issue, we need not and do not address their remaining issues.