Opinion issued April 29, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00519-CV

———————————

RRB LAND INVESTMENTS, LTD. AND CYPRESSwood VENTURE I, LTD., Appellants

V.

harris
county appraisal district, Appellee



 



 

On Appeal from the 281st District Court 

Harris County, Texas



Trial Court Case No. 2008-55258

 



MEMORANDUM OPINION

Appellants, RRB Land Investments, Ltd.  [“RRB”] and Cypress Venture I, Ltd. [“Cypresswood”]
bring this appeal from the trial court’s order granting Harris County Appraisal
District’s [“HCAD’s”] plea to the jurisdiction. In its plea, HCAD contended the
Cypresswood had no standing to seek judicial review of HCAD’s resolution of an
ad valorem tax protest because it was not the property owners for that tax
year. We affirm.

BACKGROUND

Cypresswood sold the property located
at 6401 Cypresswood Drive in Spring, Texas to RRB by special warranty deed
dated April 24, 2006. Therefore, according
to the record, RRB was the legal owner of the property on January 1, 2008.
Nevertheless, Cypresswood, but not RBB, filed a notice of protest with HCAD’s
Appraisal Review Board concerning the 2008 tax assessment for this property. On
July 25, 2008, the chairman of the Appraisal Review
Board signed an Order Determining Protest, ordering a reduction in the appraised
value of the property, which was delivered to Cypresswood on August 1, 2008. RRB
did not pursue a protest as the owner of the property.

Cypresswood filed an original petition
for judicial review on September 11, 2008, “as the property owners,”
challenging the Appraisal Review Board’s determination.  Cypresswood continued to assert that it owned
the property. On April 2, 2009, HCAD filed a plea to the jurisdiction, arguing that
(1) Cypresswood was not the owner of the properties of January 1, 2008, (2)
only the property owner had standing to appeal from the Review Board’s order,
and, therefore, (3) the trial court lacked subject-matter jurisdiction. HCAD
attached copies of the general warranty deeds to its plea.

On April 3, 2009, Cypresswood filed a motion to substitute RRB
as the plaintiff pursuant to Rule 28 of the Texas Rules of Civil
Procedure.  On that same date, Cypresswood
also filed a first amended original petition adding RRB as a plaintiff in the
suit for judicial review.  Cypresswood
argued in its motion to substitute RBB that it was “permitted and authorized to
change the name of a party [to the suit for judicial review] pursuant to the
provisions of Section 42.21(e) of the Property Tax Code.”

On May 11, 2009, the trial court granted
HCAD’s plea to the jurisdiction.  This
appeal followed.  

 

STANDARD OF REVIEW

          Standing
is a component of subject-matter jurisdiction that cannot be waived. Bland
Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 553-54 (Tex. 2000).  If a party has no standing, a trial court has
no subject-matter jurisdiction to hear the case. Id. If a jurisdictional
defect cannot be cured by an amendment, a party may file a plea to the
jurisdiction, and, if the trial court finds the plea meritorious, it may grant
it without allowing the plaintiff an opportunity to amend.  See
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  A defendant may prevail on a plea to the
jurisdiction by demonstrating that, even if all of the plaintiff's pleaded
allegations are true, an incurable jurisdictional defect remains on the face of
the pleadings that deprives the trial court of subject-matter jurisdiction. Harris
County Appraisal Dist. v. O’Connor & Assocs., 267 S.W.3d 413, 416 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  A trial court decides a plea to the
jurisdiction by reviewing the pleadings as well as any evidence relevant to the
jurisdictional inquiry.  Blue, 34 S.W. 3d at 555.  We review a trial court’s ruling on a plea to
the jurisdiction de novo, construing the pleadings liberally in favor of the
plaintiff while considering the pleader’s intent.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226, 228 (Tex.
2004).   In a review of a plea to the
jurisdiction, we cannot examine the merits of the case. See Houston Indep.
Sch. Dist. v. 1615 Corp., 217 S.W.3d 631, 635 (Tex. App.—Houston [14th
Dist.] 2006, pet. denied) (op. on reh’g).

JURISDICTION OVER SUIT FOR JUDICIAL REVIEW

In a single issue, the appellants assert that the trial
court erred in granting HCAD’s plea to the jurisdiction. HCAD responds that the
trial court lacked jurisdiction because, although Cypresswood timely filed a
petition for judicial review in the name of “as the property owners and the
property owners” following the Appraisal Review Board’s order, RRB, not Cypresswood
was the property owner at the relevant time. HCAD also argues that Cypresswood could
not amend its petition to include RRB pursuant to section 42.21(e)(1) of the
Tax Code and Texas Rule of Civil Procedure 28.

Standing 

This Court and the
Fourteenth Court of Appeals have repeatedly addressed these jurisdictional
issues. See Woodway Drive, LLC v. Harris
County Appraisal Dist., No. 14-09-00340-CV, 2010 WL 1372702 (Tex.
App.—Houston 14th Dist.] April 8, 2010, no pet. h.) (memo op.); See Woodway Drive, LLC v. Harris County
Appraisal Dist., No. 14-09-00524-CV, 2010 WL 724174 (Tex. App.—Houston 14th
Dist.] March 4, 2010, no pet.) (memo op.);
Scott Plaza Assocs., Ltd. v. Harris County Appraisal Dist., No
14-09-00707-CV, 2010 WL 724189 (Tex. App.—Houston [14th Dist.] March 4, 2010,
no pet.) (memo op.); SWP Remic Props. II, LP  v. Harris County Appraisal Dist., No. 14-08-00425-CV, 2010 WL 26524 (Tex.
App.—Houston [14th Dist] Jan. 7. 2010, no pet.) (memo op.); CL Louetta
Village Square, LP v. Harris County Appraisal Dist., No. 14-08-00549-CV, 2009
WL 4913259 (Tex. App.—Houston [14th Dist.] Dec. 22, 2009, no pet.) (memo op.); Skylane
West, Ltd. v. Harris County Appraisal Dist., No. 14-08-00507-CV, 2009 WL
4913256 (Tex. App—Houston [14th Dist.] Dec. 22, 2009, no pet.) (memo op.);
KM-Timbercreek, LLC v. Harris County Appraisal Dist., No. 01-08-00689-CV, 2009 WL 3321332 (Tex.
App.—Houston [1st Dist.] Oct. 15, 2009, no pet.); Mei Hsu Acquisition Corp.
v. Harris County Appraisal Dist., No. 01-08-00690-CV, 2009 WL 3152152 (Tex.
App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (memo op.); BACM 2002 PB2 Westpark Dr., LP v. Harris
County Appraisal Dist., No. 14-08-00493-CV, 2009 WL 2145922 (Tex.
App.—Houston [14th Dist.] June 21, 2009, no pet.) (memo op.); Koll Bren Fund, VI, LP v. Harris County
Appraisal District, No. 01-07-00321-CV, 2008 WL 525799 (Tex. App.—Houston
[1st Dist.] February 28, 2008, pet. denied) (memo op.).  We reach the same outcome here in holding that Cypresswood lacked
standing to prosecute RRB’s tax protest.



For a party to be entitled to judicial
review, the party must be the record legal owner of the property and must
protest the initial valuation to the appraisal review board. Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3. Section
42.21(a) of the Tax Code requires a party who appeals as provided by Chapter 42
of the Tax Code to timely file a petition for review with the district court.
Failure to timely file a petition bars any appeal under the chapter. Tex. Tax Code Ann. § 42.21(a) (Vernon
Supp. 2009).[1]  Section 42.01 of
the Tax Code specifies that a “property owner is entitled to appeal . . .
an order of the appraisal review board determining . . . a protest by the property
owner” as provided by sections 41.41 et seq. of the Tax Code.  Id. § 42.01(1)(A) (emphasis added)
(Vernon 2008). Alternatively, a property owner may designate a lessee or an agent
to act on the property owner’s behalf for any purpose under the Tax Code,
including filing a tax protest.  Id.
§§ 1.111 (Vernon 2008) (authorizing a designated lessee or agent to act for a
property owner), 41.413(b) (Vernon 2008) (authorizing a lessee to protest for
the property owner in certain circumstances).

Therefore, to qualify
as a “party who appeals” by seeking judicial review of an Appraisal-Review
Board’s tax determination under section 42.21(a), Cypresswood had to be an
owner of the property, a designated agent of the owner, or the authorized
lessee of the property under the circumstances stated in section 41.413.  See Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3.  A party who does not meet one of the above
criteria lacks standing under the Tax Code.  Timbercreek, 2009 WL 3321332, at *3; Koll
Bren, 2008 WL 525799, at *3.  If the
litigant lacks standing, the trial court is deprived of subject-matter
jurisdiction to consider a suit for judicial review based on an ad valorem tax
protest.  Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3.  

Here, Cypresswood did not own the properties of January 1,
2008. Cypresswood did not claim rights to protest under the Tax Code as either
a lessee or an agent. Therefore, Cypresswood lacked standing to pursue judicial
review as a “party who appeals” under section 42.21(a). The record does not
reflect that RRB pursued its right of protest as the actual property owner.
According to the record, RRB was not named as a party until April 3, 2009, when
Cypresswood filed a first amended original petition. Therefore, the Appraisal Review
Board had not determined a protest by the actual property owner, RRB, upon
which RRB could premise a right to appeal as the property owner.  See Tex.
Tax Code Ann. §§ 42.01(1)(A), 42.21(a); Timbercreek, 2009 WL 3321332,
at *4.

Application of
Section 42.21(e)(1)

HCAD also argued that the trial court had no jurisdiction
because section 42.21(e)(1) does not allow an amendment to substitute the
correct plaintiff after the 45-day period for filing suit has passed.  We agree for the reasons stated in Koll Bren and Timbercreek.

Section 42.21(e) specifies that only petitions that are
“timely filed under Subsection (a)” may later be amended to correct or to change
a party’s name. See Tex. Tax Code Ann. 42.21(e)(1).  To seek judicial review under Subsection (a),
the plaintiff must be a “party who appeals as provided by [Chapter 42],”
meaning the plaintiff must be the property owner, a properly designated agent,
or a lessee. Id. § 42.21(a); see also id. §§ 1.111, 41.413(b).

Cypresswood timely filed a petition for review; however, Cypresswood
did not own the property on January 1, 2008, and thus lacked standing to seek
judicial review. See Timbercreek,
2009 WL 3321332, at *5. Appellants’ argument that subsection 42.21(e)(1)
operates to allow Cypresswood to correct or to change the party’s name
presupposes that RRB was a proper party entitled to seek judicial review.  Id.  However, RRB did not pursue its right of
protest as the property owner. When no proper party timely appealed to the
district court, the trial court did not acquire subject-matter jurisdiction,
and the Appraisal Review Board’s determination became final.  See id.



Cypresswood contend that because suit
was filed in their names “as the property owners and the Property Owners,” the
suit encompassed RRB, the record legal owner of the property, as a plaintiff.  Again, this contention presupposes that RRB
was a proper party to seek judicial review under Chapter 42.  See Tex.
Tax Code Ann. § 42.01(1)(A); Timbercreek,
2009 WL 3321332, at *5; BACM, 2009 WL 2145922, at *5.  RRB did not pursue its administrative remedies
by protesting the valuation of the property before the Appraisal Review Board
and, thus, it failed to satisfy the jurisdictional requirements to seek
judicial review.  Timbercreek, 2009 WL 3321332, at *5; BACM, 2009 WL 2145922,
at *5.

 

 

Application
of Texas Rule of Civil Procedure 28

Lastly, Cypresswood contends
that the trial court erred in overruling its Rule 28 motion.  It argues that the trial court had
jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which
governs suits by or against entities doing business under an assumed name, permits
substitution of RRB as Cypresswood’s “true name.”  Rule 28 states:

Any partnership, unincorporated
association, private corporation, or individual doing business under an assumed
name may sue or be sued in its partnership, assumed or common name for the
purpose of enforcing for or against it a substantive right, but on a motion by
any party or on the court’s own motion the true name may be substituted.


Tex. R. Civ. P. 28.  Cypresswood contends that its name is the
“common name” for the “true name” of RRB.

In this case, Cypresswood entities attempted to substitute RRB
by filing a motion and an amended petition arguing that Rule 28 permitted the
substitution.  For a party to take
advantage of Rule 28 and to sue in its common name, “there must be a showing
that the named entity is in fact doing business under that common name.” Timbercreek, 2009 WL 3321332, at *6; Seidler
v. Morgan, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied).
Whether an entity does business under an assumed or common name is a question
of fact for the trial court. Sixth RMA Partners, L.P. a/k/a RMA Partners,
L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003); Timbercreek, 2009 WL 3321332, at *6.

Cypresswood did not make a showing that RRB was in fact
doing business under the common name of Cypresswood, nor was there evidence
that RBB, themselves, used the name Cypresswood as an assumed or common name to
warrant application of Rule 28. Compare Sixth RMA Partners, 111 S.W.3d
at 52 (concluding that evidence supported assumed-name finding when Sixth RMA
presented evidence that RMA Partners, L.P. was used as trade name for various
RMA partnerships, RMA letterhead was used, and payments on notes were made to
RMA) and Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999) (stating that
some evidence supported application of Rule 28 when stationery and phone-number
listing used by one-person professional association contained name of
individual). Although Cypresswood cites HCAD’s records, which
reflects Cypresswood as the property owners even after the property sales,
HCAD’s records alone are not sufficient to establish that RRB operated their
business under the common name of Cypresswood.  See Timbercreek, 2009 WL 3321332, at *7
(stating that only Timbercreek could establish whether it operated its business
under an assumed or common name). There is no evidence that RRB held itself out
as Cypresswood or requested HCAD to refer to it as Cypresswood in its records.  See id.

          Accordingly, we conclude that the trial court did not err in denying
the Rule 28 motion.

CONCLUSION



Cypresswood and RRB lacked standing to
bring suit, and therefore the trial court lacked subject-matter jurisdiction to
hear the dispute. Because neither the Cypresswood nor RRB was a proper party
entitled to judicial review under the Tax Code, section 42.21(e)(1) of the Tax
Code did not apply to change the name of the plaintiff. Likewise, because there
was no evidence in the record that RRB were doing business as Cypresswood or
that RRB used the name of Cypresswood as a common name for RRB, Texas Rule of
Civil Procedure 28 could not be used to substitute RRB for Cypresswood.
Therefore, the trial court did not err in granting HCAD’s plea to the
jurisdiction. We affirm the order granting HCAD’s plea to the jurisdiction and
dismissing for want of jurisdiction.






 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.

 











[1]           We note that the Texas Legislature
amended subsection 42.21(a) effective June 19, 2009, to extend the time to file
a petition for review from 45 days to 60 days after the party receives notice
that a final order has been entered from which an appeal may be had or at any
time after the hearing but before the 60-day deadline. See Act of May
29, 2009, 81st Leg., R.S., ch. 905, §§ 1, 5, 2009 Tex. Gen. Laws 2435, 2435-36
(current version at Tex. Tax Code Ann.
§ 42.21(a) (Vernon Supp. 2009)). These changes to this subsection do not affect
our resolution of this issue.