Opinion issued April 29, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00541-CV

———————————

MILBANK 521 sAM hOUSTON i, llc; milbank 521 sAM hOUSTON ii, LLC;
MILBANK 521 SAM HOUSTON III, LLC; MILBANK 521 SAM HOUSTON IV, LLC; MILBANK 521 SAM
HOUSTON V, LLC;
MILBANK 505 SAM HOUSTON I, LLC; MILBANK 505 SAM HOUSTON II, LLC; MILBANK 505
SAM HOUSTON III, LLC; MILBANK 505 SAM HOUSTON IV, LLC; MILBANK 505 SAM HOUSTON
V, LLC; MILBANK 525 SAM HOUSTON I, LLC; MILBANK 525 SAM HOUSTON II, LLC;
MILBANK 525 SAM HOUSTON III, LLC; MILBANK 525 SAM HOUSTON IV, LLC; MILBANK 525
SAM HOUSTON V, LLC; 521 ATRIUM, LP; 505 ATRIUM, LP; 525 ATRIUM, LP., Appellants

V.

harris
county appraisal district, Appellee



 



 

On Appeal from the 280th District Court 

Harris County, Texas



Trial Court Case No. 2008-55480

 



MEMORANDUM OPINION

Appellants [collectively, the “Atrium
entities” and the “Milbank entitites”] bring this appeal from the trial court’s
order granting Harris County Appraisal District’s [“HCAD’s”] plea to the
jurisdiction. In its plea, HCAD contended the Milbank entities had no standing to
seek judicial review of HCAD’s resolution of an ad valorem tax protest because the
Milbank entities were not the property owners for the relevant tax year. We
affirm.

BACKGROUND

521 Atrium, LP sold the property
located at 521 N. Sam Houston Parkway in Houston to the Milbank 521 entities by
special warranty deed dated July 31, 2007. 
505 Atrium, LP sold the property located at 505 N. Sam Houston Parkway
in Houston to the Milbank 505 entities by special warranty deed dated July 31,
2007.  525 Atrium, LP sold the property
located at 525 N. Sam Houston Parkway in Houston to the Milbank 525 entities by
special warranty deed dated July 25, 2007. Therefore, according to the record, the Milbank entities were
the legal owners of the properties on January 1, 2008. Nevertheless, the Atrium
entities, but not the Milbank entities, filed notices of protest with HCAD’s
Appraisal Review Board concerning the 2008 tax assessment for these properties.
 On July 25, 2008, the chairman of the Appraisal Review Board signed an
Order Determining Protest, ordering a reduction in the appraised value of the
properties, which was delivered to the Atrium entities tax agent on August 1,
2008. The Milbank entities did not pursue a protest as the owners of the
properties.

The Atrium entities filed an original
petition for judicial review on September 11, 2008, “as the property owners,”
challenging the Appraisal Review Board’s determination.  The Atrium entities continued to assert that they
owned the properties. On April 15, 2009, HCAD filed a plea to the jurisdiction,
arguing that (1) the Atrium entities were not the owners of the properties of
January 1, 2008, (2) only the property owner had standing to appeal from the Appraisal
Review Board’s order, and, therefore, (3) the trial court lacked subject-matter
jurisdiction. HCAD attached copies of the general warranty deeds to its plea.

On May 1, 2009, the Atrium entities filed a response to
HCAD’s plea to the jurisdiction and a motion to substitute the Milbank entities
as the plaintiffs pursuant to Rule 28 of the Texas Rules of Civil
Procedure.  On that same date, the Atrium
entities also filed a first amended original petition adding the Milbank
entities as plaintiffs in the suit for judicial review.  The Atrium entities’ response also alleged
that they were “permitted and authorized to change the name of a party [to the
suit for judicial review] pursuant to the provisions of Section 42.21(e) of the
Property Tax Code.”

On May 15, 2009, the trial court granted
HCAD’s plea to the jurisdiction.  This
appeal followed.  

 

STANDARD OF REVIEW

          Standing
is a component of subject-matter jurisdiction that cannot be waived. Bland
Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 553-54 (Tex. 2000).  If a party has no standing, a trial court has
no subject-matter jurisdiction to hear the case. Id.  If a jurisdiction defect cannot be cured
by an amendment, a party may file a plea to the jurisdiction, and, if the trial
court finds the plea meritorious, it may grant it without allowing the
plaintiff an opportunity to amend.  See County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002).  A defendant
may prevail on a plea to the jurisdiction by demonstrating that, even if all of
the plaintiff’s pleaded allegations are true, an incurable jurisdictional
defect remains on the face of the pleadings that deprives the trial court of
subject-matter jurisdiction. Harris County Appraisal Dist. v. O’Connor &
Assocs., 267 S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).  A trial court decides a plea to
the jurisdiction by reviewing the pleadings as well as any evidence relevant to
the jurisdictional inquiry.  Blue, 34 S.W. 3d at 555.  We review a trial court’s ruling on a plea to
the jurisdiction de novo, construing the pleadings liberally in favor of the
plaintiff while considering the pleader’s intent.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226, 228 (Tex.
2004).   In a review of a plea to the jurisdiction, we
cannot examine the merits of the case. See Houston Indep. Sch. Dist. v. 1615
Corp., 217 S.W.3d 631, 635 (Tex. App.—Houston [14th Dist.] 2006, pet.
denied) (op. on reh’g).

JURISDICTION OVER SUIT FOR JUDICIAL REVIEW

In a single issue, the appellants assert that the trial
court erred in granting HCAD’s plea to the jurisdiction. HCAD responds that the
trial court lacked jurisdiction because, although the Atrium entities timely
filed a petition for judicial review in the name of “as the property owners and
the property owners” following the Appraisal Review Board’s order, the Milbank
entities, not the Atrium entities were the property owners at the relevant
time. HCAD also argues that the Atrium entities could not amend their petition
to include the Milbank entities pursuant to section 42.21(e)(1) of the Tax Code
and Texas Rule of Civil Procedure 28.

Standing 

This Court and the
Fourteenth Court of Appeals have repeatedly addressed these jurisdictional
issues. See Woodway Drive, LLC v. Harris
County Appraisal Dist., No. 14-09-00340-CV, 2010 WL 1372702 (Tex.
App.—Houston 14th Dist.] April 8, 2010, no pet. h.) (memo op.); See Woodway Drive, LLC v. Harris County
Appraisal Dist., No. 14-09-00524-CV, 2010 WL 724174 (Tex. App.—Houston 14th
Dist.] March 4, 2010, no pet.) (memo op.);
Scott Plaza Assocs., Ltd. v. Harris County Appraisal Dist., No
14-09-00707-CV, 2010 WL 724189 (Tex. App.—Houston [14th Dist.] March 4, 2010,
no pet.) (memo op.); SWP Remic Props. II, LP  v. Harris County Appraisal Dist., No. 14-08-00425-CV, 2010 WL 26524 (Tex.
App.—Houston [14th Dist] Jan. 7. 2010, no pet.) (memo op.); CL Louetta
Village Square, LP v. Harris County Appraisal Dist., No. 14-08-00549-CV, 2009
WL 4913259 (Tex. App.—Houston [14th Dist.] Dec. 22, 2009, no pet.) (memo op.); Skylane
West, Ltd. v. Harris County Appraisal Dist., No. 14-08-00507-CV, 2009 WL
4913256 (Tex. App—Houston [14th Dist.] Dec. 22, 2009, no pet.) (memo op.);
KM-Timbercreek, LLC v. Harris County Appraisal Dist., No. 01-08-00689-CV, 2009 WL 3321332 (Tex.
App.—Houston [1st Dist.] Oct. 15, 2009, no pet.); Mei Hsu Acquisition Corp.
v. Harris County Appraisal Dist., No. 01-08-00690-CV, 2009 WL 3152152 (Tex.
App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (memo op.); BACM 2002 PB2 Westpark Dr., LP v. Harris
County Appraisal Dist., No. 14-08-00493-CV, 2009 WL 2145922 (Tex.
App.—Houston [14th Dist.] June 21, 2009, no pet.) (memo op.); Koll Bren Fund, VI, LP v. Harris County
Appraisal District, No. 01-07-00321-CV, 2008 WL 525799 (Tex. App.—Houston
[1st Dist.] February 28, 2008, pet. denied) (memo op.).  We reach the same outcome here in holding that
the Atrium entities lacked standing to prosecute the Milbank entities’ tax
protest.

 

 



For a party to be entitled to judicial review,
the party must be the record legal owner of the property and must protest the
initial valuation to the Appraisal Review Board. Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3. Section 42.21(a) of the Tax Code
requires a party who appeals as provided by Chapter 42 of the Tax Code to
timely file a petition for review with the district court. Failure to timely
file a petition bars any appeal under the chapter. Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2009).[1]  Section 42.01 of
the Property Tax Code specifies that a “property owner is entitled to
appeal . . . an order of the appraisal review board determining . . . a protest
by the property owner” as provided by sections 41.41 et seq. of
the Tax Code.  Id. § 42.01(1)(A)
(Vernon 2008) (emphasis added). Alternatively, a property owner may designate a
lessee or an agent to act on the property owner’s behalf for any purpose under
the Tax Code, including filing a tax protest.  Id. §§ 1.111 (Vernon 2008) (authorizing
a designated lessee or agent to act for a property owner), 41.413(b) (Vernon
2008) (authorizing a lessee to protest for the property owner in certain
circumstances).

Therefore, to qualify
as a “party who appeals” by seeking judicial review of an Appraisal-Review Board's
tax determination under section 42.21(a), the Atrium entities had to be an
owner of the property, a designated agent of the owner, or the authorized
lessee of the property under the circumstances stated in section 41.413.  See Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3.  A party who does not meet one of the above
criteria lacks standing under the Tax Code.  Timbercreek, 2009 WL 3321332, at *3; Koll
Bren, 2008 WL 525799, at *3.  If the
litigant lacks standing, the trial court is deprived of subject-matter
jurisdiction to consider a suit for judicial review based on an ad valorem tax
protest.  Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3.  

Here, the Atrium entities did not own the properties of
January 1, 2008. The Atrium entities did not claim rights to protest under the
Tax Code as either a lessee or an agent. Therefore, the Atrium entities lacked
standing to pursue judicial review as a “party who appeals” under section
42.21(a). The record does not reflect that the Milbank entities pursued their
right of protest as the actual property owners. According to the record, the
Milbank entities were was not named as parties until May 1, 2009, when the
Atrium entities filed a first amended original petition. Therefore, the Appraisal
Review Board had not determined a protest by the actual property owner, the
Milbank entities, upon which the Milbank entities could premise a right to
appeal as the property owner.  See
Tex. Tax Code Ann. §§
42.01(1)(A), 42.21(a); Timbercreek, 2009 WL 3321332, at *4.

 

Application of
Section 42.21(e)(1)

HCAD also argued that the trial court had no jurisdiction
because section 42.21(e)(1) does not allow an amendment to substitute the correct
plaintiff after the 45-day period for filing suit has passed.  We agree for the reasons stated in Koll Bren and Timbercreek.

Section 42.21(e) specifies that only petitions that are
“timely filed under Subsection (a)” may later be amended to correct or to change
a party’s name. See Tex. Tax Code Ann. 42.21(e)(1).  To seek judicial review under Subsection (a),
the plaintiff must be a “party who appeals as provided by [Chapter 42],”
meaning the plaintiff must be the property owner, a properly designated agent,
or a lessee. Id. § 42.21(a); see also id. §§ 1.111, 41.413(b).

The Atrium entities timely filed a petition for review;
however, the Atrium entities did not own the property on January 1, 2008, and
thus lacked standing to seek judicial review. See Timbercreek, 2009 WL 3321332, at *5. Appellants’
argument that subsection 42.21(e)(1) operates to allow the Atrium entities to
correct or to change the party’s name presupposes that the Milbank entities
were a proper party entitled to seek judicial review.  Id.  However, the Milbank entities did not pursue their
right of protest as the property owners. When no proper party timely appealed
to the district court, the trial court did not acquire subject-matter jurisdiction,
and the Appraisal Review Board’s determination became final.  See id.



The Atrium entities contend that
because suit was filed in their names “as the property owners and the Property
Owners,” the suit encompassed the Milbank entities, the record legal owner of
the properties, as plaintiffs. Again, this contention presupposes that the
Milbank entities were proper parties to seek judicial review under Chapter 42.  See Tex.
Tax Code Ann. § 42.01(1)(A); Timbercreek,
2009 WL 3321332, at *5; BACM, 2009 WL 2145922, at *5.  The Milbank entities did not pursue their
administrative remedies by protesting the valuation of the property before the Appraisal
Review Board and, thus, they failed to satisfy the jurisdictional requirements
to seek judicial review.  Timbercreek, 2009 WL 3321332, at *5;
BACM, 2009 WL 2145922, at *5.

Application
of Texas Rule of Civil Procedure 28

Lastly, the Atrium
entities contend that the trial court erred in overruling their Rule 28
motion.  They argue the trial court had
jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which
governs suits by or against entities doing business under an assumed name,
permits substitution of the Milbank entities as the Atrium entities “true
name.”  Rule 28 states:

Any partnership, unincorporated
association, private corporation, or individual doing business under an assumed
name may sue or be sued in its partnership, assumed or common name for the
purpose of enforcing for or against it a substantive right, but on a motion by
any party or on the court’s own motion the true name may be substituted.


Tex. R. Civ. P. 28.  The Atrium entities contend that their name is
the “common name” for the “true name” of the Milbank entities.

In this case, the Atrium entities attempted to substitute the
Milbank entities by filing a motion and an amended petition arguing that Rule
28 permitted the substitution.  For a
party to take advantage of Rule 28 and to sue in its common name, “there must
be a showing that the named entity is in fact doing business under that common
name.” Timbercreek, 2009 WL 3321332,
at *6; Seidler v. Morgan, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009,
pet. denied). Whether an entity does business under an assumed or common name
is a question of fact for the trial court. Sixth RMA Partners, L.P. a/k/a
RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003); Timbercreek, 2009 WL 3321332, at *6.

The Atrium entities did not make a showing that the Milbank
entities were in fact doing business under the common name of the Atrium
entities, nor was there evidence that the entities, themselves, used the name the
Atrium entities as an assumed or common name to warrant application of Rule 28.
Compare Sixth RMA Partners, 111 S.W.3d at 52 (concluding that evidence
supported assumed-name finding when Sixth RMA presented evidence that RMA
Partners, L.P. was used as trade name for various RMA partnerships, RMA
letterhead was used, and payments on notes were made to RMA) and Chilkewitz
v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999) (stating that some evidence
supported application of Rule 28 when stationery and phone-number listing used
by one-person professional association contained name of individual). Although the Atrium entities cite HCAD’s records, which reflect the
Atrium entities as the property owners even after the property sales, HCAD’s
records alone are not sufficient to establish that the Milbank entities
operated their business under the common name of the Atrium entities.  See Timbercreek, 2009 WL 3321332, at *7
(stating that only Timbercreek could establish whether it operated its business
under an assumed or common name). There is no evidence that the Milbank
entities held themselves out as the Atrium entities or requested HCAD to refer
to it as the Atrium entities in its records.  See id.

          Accordingly, we conclude that the trial court did not err in denying
the Rule 28 motion.

CONCLUSION



The Atrium entities and the Milbank
entities lacked standing to bring suit, and therefore the trial court lacked
subject-matter jurisdiction to hear the dispute. Because neither the Atrium entities
nor the Milbank entities were a proper party entitled to judicial review under
the Tax Code, section 42.21(e)(1) of the Tax Code did not apply to change the
name of the plaintiff. Likewise, because there was no evidence in the record
that the Milbank entities were doing business as the Atrium entities or that
the entities used the name of the Atrium entities as a common name for the
Milbank entities, Texas Rule of Civil Procedure 28 could not be used to
substitute the Milbank entities for the Atrium entities. Therefore, the trial
court did not err in granting HCAD’s plea to the jurisdiction. We affirm the
order granting HCAD’s plea to the jurisdiction and dismissing for want of
jurisdiction.






 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.

 











[1]           We note that the Texas Legislature
amended subsection 42.21(a) effective June 19, 2009, to extend the time to file
a petition for review from 45 days to 60 days after the party receives notice
that a final order has been entered from which an appeal may be had or at any
time after the hearing but before the 60-day deadline. See Act of May
29, 2009, 81st Leg., R.S., ch. 905, §§ 1, 5, 2009 Tex. Gen. Laws 2435, 2435-36
(current version at Tex. Tax Code Ann.
§ 42.21(a) (Vernon Supp. 2009)). These changes to this subsection do not affect
our resolution of this issue.